**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alan Randall DORSEY, Defendant–Appellant.**

No. 88–8442.

United States Court of Appeals, Eleventh Circuit.

Sept. 29, 1989.

Sheila Tyler, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

F. Gentry Shelnutt, Asst. U.S. Atty., Julie E. Carnes, Appellate Chief, Atlanta, Ga., for plaintiff-appellee.

Before RONEY, Chief Judge, FAY, Circuit Judge, and ALLEN *, Senior District Judge.

RONEY, Chief Judge:

Alan Randall Dorsey pled guilty to four counts of bank robbery and one escape count occurring in three different states. The district court departed from the recommended federal guidelines sentence, found Dorsey to be a career offender, and sentenced him to 262 months in prison.

On appeal, Dorsey contends that (1) the guidelines unconstitutionally delegate congressional authority over criminal sanctions to the Sentencing Commission, (2) the presence of judges on the Commission violates the separation of powers doctrine, and (3) the guidelines were improperly applied in his case. We affirm.

Both the delegation and the separation of powers arguments were rejected recently by the United States Supreme Court in *Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). To the extent Dorsey challenges the statutory validity of the guidelines, his argument has been rejected in this Circuit. *United States v. Erves*, 880 F.2d 376 (11th Cir. 1989).

As to the improper application of the Guidelines, Dorsey contends the district court improperly departed from the sentence recommended by the sentencing guidelines in order to treat him as a career offender. Even if some upward departure was warranted, he argues, the substantial increase was an unreasonable one.

There appears to be some dispute as to the recommended guidelines sentence. The Government's brief states 51 to 63 months; Dorsey's brief places the range at 63 to 78 months. Because of the resolution of the appeal, we need not determine which calculation is correct.

According to the Presentence Report, prior to the bank robberies involved in this case, Dorsey was charged in 1982 with five bank robberies in New York and two bank robberies in Florida. Using Rule 20(a), as he did in this case, he pled guilty in Florida to two of the New York robberies and to the two Florida charges.[1] While serving his sentence on those charges, he escaped from the Community Treatment Center in Jacksonville, Florida, on November 19, 1987. On that same day, he robbed two Jacksonville banks; and in December 1987, he robbed a bank in Louisiana, and another bank in Atlanta, Georgia. These robberies were the subject of his guilty plea in this case.

In calculating the criminal history score under the guidelines, three points are assigned for each prior sentence exceeding 13 months that has been imposed in the 15 years preceding the offense being sentenced. Guidelines § 4A1.2(a)(2) provides, however, that prior sentences in "related" cases shall be treated as one sentence. In defining "related" cases, Application Note 3 states that cases are related if, among other things, they were "consolidated for trial or sentencing." Thus, Dorsey's 1982 sentences were treated as one, giving him a criminal history score of three, because under Rule 20 he was able to plead guilty and be sentenced simultaneously for the four bank robberies, even though they occurred separately and in two different states.

But Application Note 3 recognizes that strict application of the related case criteria

---

* Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation.

1. Rule 20(a) provides in relevant part:
    A defendant arrested, held, or present in a district other than that in which an indictment or information is pending against that defendant may state in writing a wish to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which that defendant was arrested, held, or present, subject to the approval of the United States attorney for each district.

may not properly reflect a defendant's criminal history. It advises that:

there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public. For example, if the defendant commits a number of offenses on independent occasions separated by arrests, and the resulting criminal cases are consolidated and result in a combined sentence of eight years, counting merely three points for this factor will not adequately reflect either the seriousness of the defendant's criminal history or the frequency with which he commits crimes. In such circumstances, the court should consider whether departure is warranted.

Guidelines § 4A1.3 authorizes a departure if "the criminal history category significantly underrepresents the seriousness of the defendant's criminal history or the likelihood that [he] will commit further crimes."

In this case, the district court found that Dorsey's criminal history score presented an inadequate picture of Dorsey's past and likely future which justified an upward departure, reasoning that eleven bank robberies, four of which were committed after an escape from a sentence for bank robbery, is strong evidence of a determination to be a career bank robber.

The court then concluded that Dorsey should be treated as a career offender, even though, because of the operation of Rule 20(a), he did not meet the literal terms of the guidelines career offender section. That section, 4B1.1, provides that a defendant is a career offender if:

(1) the defendant was at least eighteen years old at the time of the instant offense,

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and

(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Dorsey clearly meets the first two requirements. "Two prior felony convictions," however, is defined in § 4B1.2(3) to require that the sentences be "counted separately" under the provisions in Ch. 4, Part A of the guidelines. As discussed, the 1982 sentences would not be counted separately under § 4A1.2(a)(2).

We do not believe that the Commission intended that someone with a history such as Dorsey's should be treated as having only *one* prior conviction, solely because he is *permitted* to take advantage of Rule 20(a)'s procedural device. The practical result of such a holding likely would be that United States attorneys would no longer agree to a Rule 20(a) consolidation. Rule 20(a) provides an efficient procedure for both defendants and prosecutors and should not be sacrificed by a literal application of the sentencing guidelines.

This is not a case where a defendant committed multiple bank robberies over a short period of time in a single jurisdiction and was tried and sentenced simultaneously for all the offenses. We need not decide the accuracy of the "related cases" definition of a situation such as that. Here, Dorsey already had plead guilty to four bank robberies occurring in *two* states. In 1987, he was allowed to use Rule 20(a) to plead to four more bank robberies and one escape count occurring in *three* different states. Had Dorsey not been allowed to use Rule 20(a) the second time, and entered his pleas to the same charges in their respective jurisdictions, he would have met the requirement of two prior convictions for career offender status at sentencing for the latter two jurisdictions to take his pleas.

The upward departure for Dorsey was warranted under the circumstances, and the amount of the departure was not unreasonable, given Dorsey's significant criminal history.

AFFIRMED.