UNITED STATES of America,
Plaintiff–Appellee,

v.

Phillip Lance ARMSTRONG,
Defendant–Appellant.

Nos. 89–3519, 89–3520, 89–3521, 89–3522,
89–3523, and 89–3524
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 21, 1990.

Philip Lance Armstrong, Sanford, Fla.,
pro se.

Gary Siegel, Fern Park, Fla., for defendant-appellant.

Robert Genzman, U.S. Attorney's Office,
Bruce Hinshelwood, Asst. U.S. Atty., U.S.
Attys. Office, Orlando, Fla., for plaintiff-appellee.

Before FAY, JOHNSON and COX,
Circuit Judges.

PER CURIAM:

The appellant, Phillip Lance Armstrong,
initially pled guilty in the Middle District of
Florida to four counts of bank robbery, in
violation of 18 U.S.C.A. § 2113(a) (Case No.
89–3519). That case was consolidated for
sentencing purposes with similar convictions from the Western District of Arkansas (one count of bank robbery: case No.
89–3520); the District of Arizona (one
count of bank robbery: case No. 89–3521);
the Eastern District of Missouri (one count
of bank robbery: case No. 89–3522); the
Northern District of Georgia (one count of
bank robbery: case No. 89–3523); and the
Northern District of Alabama (two counts
of bank robbery: case No. 89–3524), all of
which were transferred to the Middle District of Florida pursuant to Fed.R.Crim.P.
20.

On this appeal Armstrong argues that
the district court's upward departure from
the applicable guideline range was unreasonable and an abuse of discretion. He
contends that the sentence imposed upon
him was excessive, and that there was no
justifiable reason for the district court's

departure from the applicable guideline range. The government responds that the departure was reasonable, as it was premised on the "vast scope" of Armstrong's criminal activities, his past criminal history, and his criminal livelihood. The government argues that "a defendant who robs ten banks in six states over a seven month period" should not be permitted to "take advantage of a consolidated disposition under Fed.R.Crim.P. 20 to escape his just desserts."

Under Guideline § 4A1.3, an upward departure is justified if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant would commit other crimes." Sentencing Guidelines § 4A1.3. A district court's decision to depart from the applicable guideline range, and the amount of the actual departure, is reviewed for "reasonableness." *See* 18 U.S.C.A. § 3742(f)(2); *see also United States v. Crawford*, 883 F.2d 963, 996 (11th Cir.1989). Findings that a defendant is a habitual criminal, despite a relatively low criminal history category, and/or that the defendant is likely to continue his criminal activities are findings of fact to which the clearly erroneous standard applies. *See United States v. Campbell*, 888 F.2d 76, 77 (11th Cir.1989).

The district court here found that an upward departure was justified "based on the failure of the criminal history category to adequately reflect the seriousness of [Armstrong's] past criminal history," citing Guideline § 4A1.3, and because of his "criminal livelihood." The district court therefore imposed a sentence of 108 months, 37 months greater than the highest end of the applicable guideline range.

Armstrong's criminal history included two prior forgery convictions, a bank robbery conviction, and a parole revocation, which translated to a criminal history category of 3 under Guideline § 4A1.2 and Ch. 5, Part A. This calculation did not take into account Armstrong's 10 convictions for bank robbery, because those charges were all consolidated pursuant to Fed.R.Crim.P.

20 and combined for purposes of calculating base offense level pursuant to Guideline § 3D1.1 et seq. Had Armstrong been tried and convicted separately on each charge, his criminal history category would have been VI, and he would have been eligible for career offender status under Guideline § 4B1.1, as he would have had ample predicate offenses.

We have previously upheld upward departures pursuant to Guideline § 4A1.3 where consolidated dispositions of multiple bank robbery convictions pursuant to Fed. R.Crim.P. 20 resulted in a criminal history category which did not reflect the true extent of the defendant's criminal history. *See United States v. Dorsey*, 888 F.2d 79, 81 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990); *United States v. Jackson*, 883 F.2d 1007, 1008–09 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 747, 107 L.Ed.2d 764 (1990). Similarly, given that the nine other bank robberies in five separate states for which Armstrong was convicted were not reflected in his criminal history category, it cannot be said that the district court's findings regarding the serious and continuing nature of Armstrong's criminal career were clearly erroneous, nor that the upward departure was unreasonable.

The district court's sentence in this case is AFFIRMED.