**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth Patrick DELVECCHIO,
Defendant–Appellant.**

No. 89–8700.

United States Court of Appeals,
Eleventh Circuit.

Jan. 7, 1991.

Roger J. Dodd, L. Warren Turner, Jr., Valdosta, Ga., Bruce Maloy, Maloy and Jenkins, Atlanta, Ga., for defendant-appellant.

Edgar W. Ennis, Jr., U.S. Atty., Michael T. Solis, Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.

Before TJOFLAT, Chief Judge,
CLARK, Circuit Judge, and
ESCHBACH *, Senior Circuit Judge.

TJOFLAT, Chief Judge:

On June 23, 1989, Kenneth Patrick Delvecchio pled guilty in the Middle District of Georgia to a charge that he conspired to import 1,005 pounds (455.9 kilograms) of marijuana into the United States in violation of 21 U.S.C. §§ 960, 963 (1988). Delvecchio was sentenced under the guidelines [1] to imprisonment for 262 months, with a five-year term of supervised release. He now appeals this sentence.

At the time of his plea, Delvecchio had two prior controlled substance convictions. One involved the importation of 25,840 pounds (11,721 kilograms) of marijuana into Louisiana in May 1978; and the other, the importation of approximately 30,000 pounds (13,608 kilograms) of marijuana into Texas in April 1980. Although the charges that led to these convictions had been filed in federal district courts in Louisiana and Texas, Delvecchio requested that the cases be consolidated for sentencing in Louisiana pursuant to Fed.R.Crim.P. 20(a).[2] The United States attorneys for both districts consented; and on August 19, 1980, the District Court for the Eastern District of Louisiana imposed concurrent two-year sentences on his pleas.

Based upon his prior convictions and the plea at hand, Delvecchio's probation officer prepared a presentence investigation report for the sentencing judge. In that report, the probation officer computed Delvecchio's offense level as 24: an initial offense level of 28, see Sentencing Guidelines §§ 2D1.1(a)(3), 2D1.4 (Nov. 1990), with two-level downward adjustments for acceptance of responsibility and minor participation in

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. The guidelines were promulgated under the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 1987 (codified as amended in scattered sections of 18 and 28 U.S.C.).

2. Rule 20(a) provides in relevant part:
 A defendant arrested, held, or present in a district other than that in which an indict-

ment or information is pending against that defendant may state in writing a wish to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which that defendant was arrested, held, or present, subject to the approval of the United States attorney for each district.

the conspiracy, *see id.* § 3E1.1; *id.* § 3B1.2(b). The probation officer then calculated Delvecchio's criminal history category, giving him three points for his first conviction, *see id.* § 4A1.1(a). Since, however, Delvecchio's convictions had been consolidated for sentencing, the probation officer concluded that he could not add points for the second conviction, nor could he classify Delvecchio as a career offender. *See id.* § 4A1.2(a)(2). The three-point score established a criminal history category of II, which, when combined with the offense level of 24, resulted in a sentencing range of 57 to 71 months.

At the sentencing hearing, the district court, having sua sponte examined the probation officer's determination that Delvecchio was not a career offender under the guidelines, concluded that since Delvecchio's two prior convictions involved different places, times, and actors, career offender status was appropriate. Alternatively, the court ruled that, even if Delvecchio was not a career offender, the seriousness of his prior criminal history warranted an upward departure from the guideline sentencing range (although it did not determine what that range was). Under either theory, the court imposed a 262-month sentence.[3]

Delvecchio challenges the legality of the court's application of the guidelines and the reasonableness of its departure from them. He argues that (1) he was improperly sentenced as a career offender, (2) the upward departure from the guidelines was unreasonable, and (3) the court incorrectly applied the guidelines when it concluded that it could not consider, in mitigation of Delvecchio's sentence, evidence that he only played a minor role in the conspiracy and that he accepted responsibility for that role. We find that the sentencing court incorrectly concluded that Delvecchio was a career criminal and also that the court did not adequately explain its departure from

the guideline sentencing range; we remand this case for resentencing.

### I.

[1] The guidelines treat a defendant as a career offender if

(1) [he] was at least eighteen years old at the time of the instant offense,

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and

(3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Sentencing Guidelines § 4B1.1. The prior convictions requirement is interpreted strictly: the defendant must have been sentenced twice in unrelated cases to classify as a career offender. *See id.* § 4B1.2(3)(B), *id.* § 4A1.2(a)(2). Cases are related if they "(1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." *Id.* commentary. Thus, the question presented to the district court was whether a Rule 20 consolidation for sentencing was the type of consolidation the guidelines contemplated, thereby exempting Delvecchio from career offender status.

In a case that this court decided subsequent to Delvecchio's sentencing, *United States v. Dorsey,* 888 F.2d 79 (11th Cir.1989), *cert. denied,* ⸺ U.S. ⸺, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990), we answered that question affirmatively. In *Dorsey,* a defendant convicted of four counts of bank robbery and one count of escape had earlier pled guilty to two bank robberies in New York and two bank robberies in Florida; the four prior cases were consolidated for sentencing on Dorsey's request. Despite Dorsey's serious criminal history, we held that the language of the guidelines obligated the sentencing court to treat the four prior robberies as a single conviction: whenever a defendant is sentenced simultaneously, pursuant to Rule

---

**3.** Guideline § 4B1.1 mandates that all career offenders receive a criminal history category of VI. It also applies an offense level of 34 for an offense, like conspiracy to import more than 100 kilograms of marijuana, which carries a

statutory maximum sentence of 25 years or more, 21 U.S.C. § 960(b)(2). The sentencing range for this offense level is between 262 and 327 months.

20, his sentences are related and cannot be assessed separately under the guidelines. The Government concedes, in light of our holding in *Dorsey*, that Delvecchio was not a career offender.

## II.

The sentencing judge also ruled that, even if he incorrectly determined that Delvecchio was a career offender, he would depart upward from the guideline sentencing range because Delvecchio's criminal history was equivalent to that of a career offender—Delvecchio's two prior convictions, separate in time and place, only fortuitously had been consolidated for sentencing, by his invocation of Rule 20.

 In a case in which a court departs from the guideline sentencing range, we only overturn the sentence if it is unreasonable. 18 U.S.C. § 3742(f)(2) (1988); *United States v. Armstrong*, 901 F.2d 988, 989 (11th Cir.1990); *United States v. Crawford*, 883 F.2d 963, 996 (11th Cir.1989). The court has an obligation, however, to explain deviations from the guideline sentencing range, *see* 18 U.S.C. § 3553(c)(2) (1988) (if the sentence imposed by the court is outside the guidelines' range, the court must give "the specific reason for the imposition of a sentence different from that described"), so that the reviewing court can determine whether the departure was justified. If the court does not do this, the case must be remanded for resentencing.

 A departure from the guideline sentencing range will only be warranted

where the court first calculates the appropriate guidelines sentencing range, and second, finds that there exists "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines," 18 U.S.C. § 3553(b) (1988). The sentencing judge here determined only the guideline sentencing range for Delvecchio as a career offender; the judge merely noted that, if Delvecchio was not a career offender, he would depart upward to the same 262-month sentence; he did not compute the alternative sentencing range. The guidelines require, however, as a starting point for departure, that the court ascertain the appropriate offense level and criminal history category, and then make any adjustments for mitigating or aggravating factors—only then is it appropriate for the court to consider whether factors, not countenanced by the guidelines, justify an upward or downward departure. This the sentencing judge did not do. He did not determine what sentence the guidelines mandated; nor did he consider whether any adjustments were warranted for acceptance of responsibility and minor role in the offense.[4] On remand, the court must determine the applicable guideline sentencing range, taking into account whether any adjustments are appropriate, and then clearly articulate the reasons for any departure it wishes to make.

We note, however, that an upward departure may well be warranted under the circumstances of this case. The judge, in the sentencing hearing, observed[5] that guide-

---

4. The sentencing judge appeared to believe that when the defendant was classified as a career offender, the judge lost any ability to adjust the offense level downward under guideline 3B1.-2(b) (providing a two-level adjustment for a minor participant in the offense) or guideline 3E1.1 (providing a two-level adjustment for acceptance of personal responsibility for criminal conduct). We note that a recent amendment to guideline 4B1.1 clarified that career offenders are entitled to an adjustment for acceptance of responsibility. Sentencing Guideline § 4B1.1 ("If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by 2 levels."); *see United States v. Maddalena*, 893 F.2d 815, 818 (6th Cir.1989) (the amend-

ment merely clarified existing law; it did not change it).

In any case, since the career offender classification was inappropriate, the court on remand should consider evidence that Delvecchio played a minor role in the conspiracy and accepted responsibility for his actions. The sentencing judge either must accept the probation officer's findings or he must sua sponte examine whether adjustments are appropriate here.

5. The sentencing judge commented as follows: [I]f these cases ... were related cases, the Court, nevertheless, would believe that a departure is warranted for the very reasons set forth in the commentary. The commentary says, "The Court should be aware that there

line 4A1.2 application note 3, sanctions an upward departure in cases where the defendant's criminal history score is low because his prior sentences were consolidated:

> [T]here may be instances in which this definition [of related cases] is overly broad and will result in a criminal history score that under-represents the seriousness of the defendant's criminal history and the danger that he presents to the public. For example, if the defendant commits a number of offenses on independent occasions separated by arrests, and the resulting criminal cases are consolidated and result in a combined sentence of eight years, counting merely three points for this factor will not adequately reflect either the seriousness of the defendant's criminal history or the frequency with which he commits crimes. In such circumstances, the court should consider whether departure is warranted.

In *Dorsey*, 888 F.2d at 79, for example, we approved a departure from the guideline range when, despite the defendant's four prior convictions for bank robbery, a Rule 20 consolidation of his cases for sentencing left him with a criminal history category of three. Recognizing that this category did not accurately reflect the seriousness of Dorsey's criminal history, we held that the district court justifiably departed from the guideline range. *See also Armstrong*, 901 F.2d at 989 (upward departure from the guidelines warranted where criminal history category did not reflect seriousness of past criminal conduct due to Rule 20 consolidation).

■ The court should keep in mind, however, that, even where the facts indicate that a departure is authorized, it should consider the departure within the framework of the guidelines and justify it by degrees. For instance, if the court calculates a defendant's criminal history category as II, but the court finds that the defendant's actual propensity to commit crimes and the seriousness of his prior offenses are under-represented by this calculation, the court then should consider whether the range of sentences in category III would be appropriate. *See* Sentencing Guidelines § 4A1.3. Then, if category III still under-represents the seriousness of the defendant's criminal history, the court can consider category IV. A departure to level VI would be assessed only after consideration of several intermediate levels of sanctions.

We do not mean to imply, however, that a court can never justify a departure from category II to category VI. *See, e.g., Dorsey*, 888 F.2d at 80 (court departed upward to a sentence of 262 months). What the court cannot do is hold that because the defendant *almost* falls within the definition of career offender, i.e., he would be a career offender if his sentences had not been consolidated, it automatically will treat him as such. This approach would effectively bring defendants who have prior convictions in related cases within the career offender provision—in spite of a guideline provision to the contrary.

■ The guidelines provide for career offender status to ensure that persons who pose a special menace to society, because they have committed extremely serious prior offenses and they likely will commit similar offenses in the future, will receive harsher punishments than persons who do not pose this special menace. Because the guidelines' treatment of such offenders is quite severe,[6] the guidelines deliberately limit that status to a narrowly-defined category of defendants. If the defendant before the court does not fall within the ca-

---

may be instances in which this definition is overly broad and will result in a criminal history score that under-represents the seriousness of the defendant's criminal history." And to me, they were speaking of this type of situation, and they give the examples. It says, "In such circumstances, the Court should consider whether departure is warranted." Because of these two prior convictions, different time periods, different geographical areas, being true to the sentencing guidelines and the concept of them, I would have to depart, even if these were considered to be related cases.

**6.** Here, for instance, without career criminal status Delvecchio would face approximately a five- or six-year sentence; with that status, the sentence was nearly 22 years.

reer offender provision, the court should examine the defendant's actual criminal history, keeping in mind the concerns underlying the career offender classification, and determine, in this particular instance, what sentence is warranted given (1) the seriousness of the past offenses and (2) the recidivist tendencies of the defendant. But only in situations where the defendant is appropriately classified as a career offender can the court automatically impose a category VI sentence.

This case is REMANDED to the district court for resentencing in accordance with this opinion.

IT IS SO ORDERED.