UNITED STATES of America,
Plaintiff–Appellee,

v.

Efrain E. VILLALI, a/k/a "Carlos",
a/k/a "Charlie Lopez",
Defendant–Appellant.

No. 90–5151
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 1991.

Michael G. Smith, Ft. Lauderdale, Fla.,
for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Linda
Collins Hertz, Asst. U.S. Atty., Miami, Fla.,
for plaintiff-appellee.

Before FAY, KRAVITCH and BIRCH, Circuit Judges.

PER CURIAM:

Appellant pled guilty to interfering with commerce by threats or violence in connection with the kidnapping of Tiffany Sessions. 18 U.S.C. § 1951. In the plea agreement, the government agreed not to recommend a specific sentence, but reserved the right to recommend that appellant be sentenced at the upper range of the applicable guideline level. After a probation officer filed a presentence investigative report ("PSI"), the court adopted its findings and overruled appellant's objections. The trial court found the adjusted offense level to be 20 and the criminal history category to be IV, which it raised to VI. The resulting guideline range was 70–87 months, and the trial court sentenced appellant to 80 months imprisonment followed by five years of supervised release. Appellant challenges two separate sentencing enhancements.

■■■ First, appellant questions a two-point increase in the offense level under Guideline § 3A1.1, which applies if "the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1. The PSI stated that Patrick Sessions suffered mentally and emotionally when his daughter Tiffany disappeared for five months and that he was desperate to discover information of her whereabouts. Appellant's attempts to extort money from Mr. Sessions based on the location of his daughter formed the basis of the charges. We reverse a district court's factual finding of vulnerability under section 3A1.1 only if it is clearly erroneous. *United States v. Boult,* 905 F.2d 1137, 1139 (8th Cir.1990); *United States v. Mejia–Orosco,* 868 F.2d 807, 810 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3257,

106 L.Ed.2d 602 (1989); 18 U.S.C. § 3742(e) ("due deference" to district court factual findings). Here, the district judge did not clearly err by finding that Mr. Sessions was unusually susceptible to extortion because of his concern for the health and safety of his daughter. *See United States v. Jones,* 899 F.2d 1097, 1100 (11th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990) (bank teller "particularly susceptible" victim and justified section 3A1.1 enhancement).

■■■ Second, appellant argues that the district court erred by increasing his criminal history category from IV to VI under Guideline § 4A1.3, which provides for upward departure "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. This departure increased the sentencing range from 51–63 (category IV) months imprisonment to 70–87 months (category VI) for the same offense level of 20.[1] The Guidelines state that violations while on bail or prior consolidated sentences are examples of under-represented criminal history that could justify an upward departure, but that a prior arrest record itself shall not be considered. *Id.* The PSI showed that appellant had seven prior convictions, one of which was consolidated with another for sentencing, and had 13 other prior arrests for charges of theft, grand theft, issuing worthless checks, obtaining lodging with intent to defraud, telephone threats, and assault, which were all dismissed or nolprossed along with guilty pleas on other charges. The PSI also noted that at the time of his arrest in this case, appellant faced three outstanding warrants in Florida and Georgia for issuing worthless checks, theft by deception and violation of probation. PSI at 15. A district court's factual findings of habitual offense or risk

---

1. In imposing a departure, a court may consider prior sentences not used in computing the criminal history category, prior sentences of substantially more than one year for independent crimes, prior similar conduct adjudicated in civ-

il or administrative proceedings, prior conduct not resulting in a conviction, and whether defendant faced a pending trial, sentencing or appeal on another charge at the time of the offense. *Id.*

of continued criminal conduct will not be reversed unless clearly erroneous. *United States v. Armstrong,* 901 F.2d 988, 989 (11th Cir.1990); *United States v. Campbell,* 888 F.2d 76, 78 (11th Cir.1989), *cert. denied sub nom. Blige v. United States,* —— U.S. ——, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990). In light of the outstanding warrants, the guilty pleas following previous arrests, and the fact that the sentence for at least one prior conviction was consolidated and therefore not figured into the original criminal history category, we cannot say the district court clearly erred by increasing the criminal category from IV to VI.

AFFIRMED.