[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11316
Non-Argument Calendar

_____

D. C. Docket No. 04-00200-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS JOSEPH HEBERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 22, 2005)

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Thomas Joseph Hebert appeals his 12-month sentence imposed after he pled

guilty to wire fraud, in violation of 18 U.S.C. § 1343. On appeal, Hebert argues that the district court erred in applying a vulnerable victim enhancement to his sentence pursuant to U.S. Sentencing Guidelines Manual § 3A1.1(b)(1) (2004).

Hebert, impersonating a prison guard, called the victim, whose son was incarcerated, and informed her that her son was in trouble. He warned that if she did not send him money, her son was in danger of further criminal charges or assault by prisoners or guards. Hebert made several more calls to the victim, requesting that she send money.

The district court determined that Hebert selected a vulnerable victim and assessed a two level-enhancement pursuant to U.S. Sentencing Guidelines Manual § 3A1.1(b)(1). The district court noted that Hebert had preyed on a "special relationship" that he knew existed between Smith and her son, based on Hebert's prior contact with her. Hebert's conduct exacerbated the stressful situation created by the imprisonment of Smith's son, especially since Hebert relied on veiled threats against him and promises of early release. Hebert contends that the mere fact that the victim's son was imprisoned did not increase her susceptibility to fraud. Further, Hebert argues that the issue of whether he selected the victim due to a perceived vulnerability is controlling, and because parents of prison inmates as a class are not unusually vulnerable to fraud schemes, the district court should not

have enhanced his sentence on the "vulnerable victim" basis.

"The district court's application of section 3A1.1 presents a mixed question of law and fact, which we review *de novo*. The district court's determination of a victim's 'vulnerability' is, however, essentially a factual finding to which we give due deference." *United States v. Arguedas*, 86 F.3d 1054, 1057 (11th Cir. 1996) (internal citations omitted).

U.S. Sentencing Guidelines Manual § 3A1.1(b)(1) allows a sentencing court to increase a defendant's base offense level by two levels "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." A "vulnerable victim" is "a person (A) who is a victim of the offense of conviction . . . and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1, cmt. n.1 (2004). The adjustment applies only if "the defendant selects his victim due to the defendant's perception of the victim's vulnerability to the offense." *Arguedas*, 86 F.3d at 1058.

"In construing the 'otherwise particularly susceptible' language in section 3A1.1, we have held that circumstances, as well as immutable characteristics, can render a victim of criminal activity unusually vulnerable." *United States v. Davis*, 967 F.2d 516, 523 (11th Cir. 1992). Although we have never addressed this

3

particular situation, we have upheld vulnerable victim enhancements where: (1) the defendant extorted money from the father of a missing child, promising to reveal the location of the child, *United States v. Villali*, 926 F.2d 999, 1000 (11th Cir. 1991) (per curiam); (2) the defendant, a bank officer, embezzled money from the trust accounts of elderly persons, *United States v. Yount*, 960 F.2d 955, 957-58 (11th Cir. 1992); (3) the defendant in a loan fraud scheme targeted consumers with bad credit, *United States v. Page*, 69 F.3d 482, 490-91 (11th Cir. 1995); (4) the defendant, a former local police chief, robbed a rural bank when he knew that police would not be in the area, *United States v. Phillips*, 287 F.3d 1053, 1056-58 (11th Cir. 2002); (5) the defendant provided narcotics to minor victim, whom the defendant knew suffered from a drug addiction, *United States v. Amedeo*, 370 F.3d 1305, 1318-19 (11th Cir. 2004); (6) the defendant, based upon a personal relationship with victim, knew of victim's troubled financial situation, *Arguedas*, 86 F.3d at 1057-58; and (7) the defendant in a car jacking case knew that the victim, a cab driver, had a duty to respond to all dispatches and would have to pick him up, *United States v. Frank*, 247 F.3d 1257, 1259-60 (11th Cir. 2001).

The circumstances in the present case are not significantly different from these prior instances involving the exploitation of a vulnerable victim. Here, Hebert exploited, for personal gain, a parent's concern for a child that was in

4

danger. He relied on personal knowledge of the victim, acquired through an existing relationship with her, in targeting her and committing the crime. Based on our prior precedent, we find that the district court did not err in applying the vulnerable victim enhancement to Hebert's sentence. Accordingly, we affirm his sentence.

**AFFIRMED.**