[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15207
Non-Argument Calendar
_____

D. C. Docket No. 08-00063-CR-IPJ-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARSHA ARLENE MASSENGILL,
a.k.a. Marsha Arlene Sanchez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 19, 2009)**

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Philip A. Barr ("Barr"), appointed counsel for Marsha Arlene Massengill

("Massengill"), has moved to withdraw from further representation of Massengill and filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), in support of his motion. Massengill's appeal concerns the district court's revocation of her supervised release and the court's sentence of twenty-one months of imprisonment. Although Barr has complied with the Anders requirements, our independent review of the record has revealed that the district court failed to comply with 18 U.S.C. § 3553(c)(2) by not stating its specific reasons in its written judgment for sentencing Massengill outside the guidelines range. Because this is an arguably meritorious issue, we DENY Barr's motion to withdraw. However, because the district court's oral explanation of the sentence was adequate and the court did not err in revoking Massengill's supervised release, we VACATE the district court's judgment and REMAND to the district court for the limited purpose of amending the written judgment to include its reasons for the outside-the-guidelines sentence.

## I. BACKGROUND

In May 2007, Massengill pled guilty to one count of making false statements, in violation of 18 U.S.C. § 1001(a)(2). See R1-1 at 6. Massengill was sentenced to twenty months of imprisonment and three years of supervised release. See id. at 7-8. One of the conditions of Massengill's supervised release was that

2

she "must report to the probation office in the district to which [she] is released within 72 hours of release from the custody of the Bureau of Prisons." Id. at 8.

In March 2008, the government moved to have Massengill's supervised release revoked because Massengill failed to report to the probation office as required under the terms of her supervised release. See R1-2. On 29 April 2008, the district court revoked Massengill's supervised release and sentenced her to three months of imprisonment and an additional twenty-one month term of supervised release. See R1-7.

Massengill was released on 3 July 2008. See R1-8 at 1. On 22 July 2008, the government moved a second time to have Massengill's supervised release revoked because she once again failed to report to the probation office as required under the terms of her supervised release. See id. at 1-2. The government also filed an addendum in which it alleged additional reasons for revoking Massengill's supervised release. See R1-9. The government asserted that Massengill attempted to murder a police officer by intentionally striking a patrol car with her vehicle. The government further alleged that when Massengill was arrested, she was found in possession of two glass "crack" pipes. Id.

An initial appearance hearing was held before a magistrate judge where, according to the district court's docket sheet, the magistrate judge explained the

charges and Massengill's rights, appointed Barr as Massengill's counsel and ordered Massengill into custody pending her revocation hearing. See R1, sixth docket entry for 14 August 2008. At the revocation hearing, the court determined that Massengill stipulated to her failure to report to the probation office, but denied the allegations in the addendum. See R2 at 2-5. The court stated that it would not consider the facts alleged in the addendum and asked if Massengill had anything to say in mitigation. Id. at 5.

Massengill argued that a sentence of ten months of imprisonment would be appropriate. Id. Massengill, through counsel, asserted that she had a drug problem and that she wanted help. Id. at 5-6. The government agreed that Massengill needed drug treatment but requested that Massengill receive the maximum possible sentence of twenty-one months of imprisonment. Id. at 7. The government asserted that the drug treatment program in the prison system was eighteen months long and so a sentence of twenty-one months of imprisonment would allow for Massengill to attend the program and complete it. Id. The government also argued that Massengill was a danger to herself and the surrounding community and that twenty-one months of imprisonment was the only sentence that would allow Massengill to "beat" her drug addiction. Id.

The district court found sufficient evidence to revoke Massengill's

4

supervised release based on her failure to report.  Id. at 7-8.  The court determined that Massengill had committed a Grade C violation and had an original criminal history category of II.  Id. at 8.  In accordance with the guidelines, the court found Massengill's sentencing range to be four to ten months of imprisonment.  Id.  The court then sentenced Massengill to twenty-one months of imprisonment with no additional term of supervised release.  Id. at 8-9.  The district court justified its departure from the guidelines range by stating that it believed that Massengill could not comply with the conditions of supervised release because of her drug addiction.  Id. at 8.  The court also noted that the twenty-one month sentence is what she would have served on supervised release had it not been revoked.  Id. The court recommended that Massengill be allowed to receive drug treatment from the Bureau of Prisons and expressed its confidence that Massengill would be able to participate in and finish a drug treatment program during her incarceration.  Id. at 8-9.

The district court's written judgment stated only that Massengill was sentenced to twenty-one months of imprisonment and recommended that Massengill be allowed to participate in a drug treatment program.  R1-14.  The judgment did not include any reasons for the court's departure from the guidelines range.

5

Barr filed a notice of appeal on Massengill's behalf and later moved to withdraw as counsel. Massengill was given notice of the motion and the brief, and of her opportunity to respond. Massengill did not respond to counsel's motion to withdraw. See Admin. Materials at 1-2, 5. Both Barr's motion to withdraw and Massengill's appeal are now before us.

## II. DISCUSSION

An attorney who finds an appeal "wholly frivolous" and seeks to withdraw from further representation nevertheless must remain in the role of an active advocate on behalf of the client. Anders, 386 U.S. at 744, 87 S. Ct. at 1400. Anders mandates that counsel seeking to withdraw from further representation based upon the belief that an appeal is wholly frivolous must accompany the motion to withdraw with a brief that "set[s] out any irregularities in the trial process or other potential error which, although in his judgment not a basis for appellate relief, might, in the judgment of his client or another counselor or the court, be arguably meritorious." United States v. Blackwell, 767 F.2d 1486, 1487-88 (11th Cir. 1985). Counsel must conduct a "conscientious examination" of the entire record on appeal. Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346, 350 (1988) (quotation marks omitted). Counsel then must isolate the pages of the record relevant to those arguably meritorious points and cite relevant legal

6

authority.  See United States v. Edwards, 822 F.2d 1012, 1013 (11th Cir. 1987) (per curiam).  After we conduct a review of the record, we then must independently determine whether the case is wholly frivolous.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400.

We review a sentence upon revocation of supervised release for reasonableness.  United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam).  Under 18 U.S.C. § 3553(c)(2), when the district court sentences a defendant outside of the advisory guideline sentencing range, it is required to state its specific reasons for sentencing outside of the advisory range in open court and in the written judgment.  If the district court fails to give its specific reason(s) for sentencing outside of the advisory guideline range, we must remand for resentencing.  See United States v. Delvecchio, 920 F.2d 810, 813 (11th Cir. 1991). The purpose for requiring the district court to specify its sentencing rationale is so that we may determine whether the sentence was reasonable.  See id.

In this case, Barr's Anders brief adequately cites relevant legal authority, isolates pages in the record, and discusses three possible issues for appeal: (1) whether the district court complied with Federal Rule of Criminal Procedure 32.1; (2) whether the district court abused its discretion in revoking Massengill's supervised release; and (3) whether the district court properly applied the

7

Sentencing Guidelines and governing statutes when sentencing Massengill.  See

Appellant Brief at 6-12.  Barr contends that all three issues lack arguable merit.

Although our independent review of the record confirms Barr's contention

regarding the first two issues cited, we find the last issue more troublesome.

Our review of the record reveals that the district court committed no error in

revoking Massengill's supervised release or in its oral pronouncement of the

sentence.  However, it is clear from the record that the district court did not comply

with § 3553(c)(2)[1] because it did not state its specific reasons for the non-

guidelines sentence in the written judgment.  See R1-14.  We have long held that if

the district court fails to give its specific reason(s) for sentencing outside of the

advisory guideline range, we must remand for resentencing.  See Delvecchio, 920

F.2d at 813.  The purpose for requiring the specific reasons is so that we may

determine if the departure was justified.  See id.

---

[1] The relevant text of 18 U.S.C. § 3553(c) is the following:

Statement of reasons for imposing a sentence.  The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence –
(1) is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or
(2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment.

18 U.S.C. § 3553(c) (emphasis added).

8

In this case, the district court articulated two reasons during the sentencing hearing for imposing a sentence of twenty-one months of imprisonment. First, the court did not believe that Massengill would be able to comply with the terms of supervised release. Second, the court gave Massengill a sentence that would be long enough to allow her to obtain treatment for her drug addiction. The district court complied with the first part of § 3553(c)(2) by giving its specific reasons in open court during the sentencing. However, § 3553(c)(2) also mandates that specific reasons be provided in the written judgment. Although the district court's judgment recommended that Massengill be allowed into a drug treatment program, it did not state that the drug treatment program was the specific reason for the sentence. See R1-14.

The district court's failure to reduce its sentencing rationale to writing in this case is subject only to plain error review because Massengill did not raise this issue below. See United States v. Massey, 89 F.3d 1433, 1441 (11th Cir. 1996); see also United States v. Gonzalez-Delgado, 271 Fed. Appx. 837, 840 (11th Cir. 2008) (per curiam). That said, the error remains one on which, in our judgment, an arguably meritorious appeal might be based. Given the dearth of our own circuit precedent on this point, we are inclined to follow the reasoning of our brethren in the Second Circuit who dealt with a like issue in United States v. Hall, 499 F.3d 152, 154 (2d

9

Cir. 2007) (per curiam).

In Hall, the district court "gave an oral explanation that adequately explained the below-Guidelines sentence imposed, but the court did not include a written statement of reasons for the sentence in the written order of judgment as required by 18 U.S.C. § 3553(c)(2)." Hall, 499 F.3d at 153. Counsel filed a motion to withdraw pursuant to Anders arguing that "it would be frivolous to claim that the district court's failure to comply with section 3553(c)(2) was not harmless." Id. at 154. The Hall court explained that it had previously held in a direct appeal that when the oral explanation of the non-guidelines sentence was adequate, but a written explanation was not provided, the "better course" was to affirm the substance of the judgment and remand to the district court for the sole purpose of amending the written judgment to comply with § 3553(c)(2). Id. (quotation marks and citation omitted). The court further noted that although compliance with § 3553(c)(2) would not change the substance of the judgment, the written statement of reasons was beneficial because the Bureau of Prisons often consulted the written judgment of conviction. Id. at 154-55. The court stated that it could not "conclude that the absence of a written statement of reasons will not have consequences for the defendant, some of which may be negative, in his future relationship with the Bureau of Prisons as he proceeds to serve his sentence." Id.

10

at 155.

The Second Circuit then addressed counsel's <u>Anders</u> motion. <u>Id.</u> at 155-57. The court stated that because it concluded that the lack of a written statement could be detrimental to a defendant, it could not say with certainty that an appeal of the issue would be frivolous. <u>Id.</u> at 156. Accordingly, the court denied counsel's motion to withdraw. <u>Id.</u> at 157. The court's disposition of the case was to affirm the sentence imposed and remand to the district court with instructions to amend the written judgment to comply with § 3553(c)(2). <u>Id.</u>

We agree with <u>Hall</u>'s rationale for enforcing the requirement that the written judgment specify the reason for a departure from the guidelines range. We further agree that an appeal of this issue cannot be considered "wholly frivolous." <u>Anders</u>, 386 U.S. at 744, 87 S. Ct. at 1400. Accordingly, we must deny Barr's motion to withdraw at this juncture. As the Second Circuit noted, "[h]aving counsel continue to represent his client on remand will ensure that the defendant has the benefit of counsel to review the written statement of reasons once it is filed and ensure that no meritorious issues that arise in connection with that written entry are overlooked." <u>Hall</u>, 499 F.3d at 157.

Having agreed with <u>Hall</u>'s reasoning, we also adopt its instructions as follows:

11

Following the district court's entry on remand of the written statement of reasons, the clerk of the district court will report that entry to the clerk of this Court, and the present appeal will be reinstated. Within ten days thereof, counsel for [Massengill] will either withdraw his Anders motion and request a briefing schedule or will renew and supplement his Anders motion. If renewing his Anders motion, counsel may proceed by supplemental letter brief making reference to his original Anders brief and adding such further discussion as may be necessary. [We] will retain jurisdiction of this appeal after the disposition on remand.

Id.

## III. CONCLUSION

For the foregoing reasons, we DENY Barr's motion to withdraw. We VACATE the district court's judgment and REMAND to the district court for the limited purpose of amending the written judgment to include its reasons for the outside-the-guidelines sentence.

**MOTION TO WITHDRAW DENIED.**

**JUDGMENT VACATED AND REMANDED FOR THE LIMITED PURPOSE OF AMENDING THE WRITTEN JUDGMENT TO INCLUDE THE SPECIFIC REASONS FOR THE SENTENCE.**