[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2011
JOHN LEY
CLERK

No. 11-10517
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-00551-WSD-JFK-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS RAMOS,
a.k.a. C-1,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 15, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Jesus Ramos appeals his sentence for conspiracy to possess with intent to

distribute at least five kilograms of cocaine, 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) and 18 U.S.C. § 2. On appeal, Ramos argues that the district court clearly erred by assessing a $15,000 fine. He also contends that the district court plainly erred by failing to notify him that it was considering a sentence above his advisory guideline range. Finally, Ramos asserts that the district court violated 18 U.S.C. § 3553(c)(2) by failing to provide a written statement of the reasons for his above-guideline sentence. The government responds that Ramos's challenge to his fine is barred by the sentence appeal waiver in his plea agreement. For the reasons stated below, we dismiss Ramos's challenge to his fine and affirm his sentence as to his term of imprisonment.

I.

A grand jury returned an indictment charging Ramos with conspiracy to possess with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and 18 U.S.C. § 2 (Count One), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (Count Two). Ramos entered into a written plea agreement in which he agreed to plead guilty to Count One. Under the terms of the plea agreement, Ramos waived his right to appeal his sentence on any ground, with two exceptions. First, Ramos could "file a direct appeal of an upward departure or a variance from the

2

sentencing guideline range as calculated by the district court." Second, Ramos could file a cross-appeal if the government were to appeal his sentence.

At the plea colloquy, the district court summarized the terms of the appeal waiver. The court observed that Ramos was giving up the right to appeal or collaterally attack his sentence, with two exceptions:

> And that is that if I were to impose a sentence that's greater than what the guidelines recommend, then you are free to appeal your sentence only. Or if the government appeals your sentence, then you are free to appeal your sentence only. But one of those two things has to happen before you can appeal your sentence."

Ramos acknowledged that he understood the appeal waiver. The district court accepted Ramos's guilty plea.

According to the presentence investigation report, Ramos, a truck driver, transported drug proceeds for a cocaine-distribution organization headed by Jesus Hector Flores. Ramos carried drug money on four different occasions. During the last trip, the Georgia State Patrol stopped Ramos's truck and seized three duffel bags that contained over $2.5 million in cash.

At the sentencing hearing, the district court determined that Ramos had a custody guideline range of 70 to 87 months' imprisonment and a fine guideline range of $12,500 to $4,000,000. The district court sentenced Ramos to a term of 100 months' imprisonment. The court also imposed a $15,000 fine.

The district court explained that Ramos's prison term was an "upward departure" from the Sentencing Guidelines. The court stated that it had decided to impose an above-guideline sentence in light of the amount of drug money that Ramos had transported and the fact that he played a key role in "one of the most substantial and dangerous organizations I have confronted[.]" The court emphasized that many of Ramos's co-conspirators had received substantial sentences. The district court also pointed to the need for deterrence. The court noted that Ramos had transported money for Flores on four different occasions and likely would have made additional trips had he not been caught. The district court concluded by stating, "[a]nd after having evaluated each of the 3553 factors, that's the sentence I intend to impose." Defense counsel objected to the "upward departure" from the guideline range and to the $15,000 fine.

## II.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). An appeal waiver will be enforced if it was made knowingly and voluntarily. *Id.* at 1350-51. To establish that an appeal waiver was knowing and voluntary, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant

otherwise understood the full significance of the waiver. *Id.* at 1351.

Ramos contends that this case is similar to *United States v. Wilken*, 498 F.3d 1160 (10th Cir. 2007). In *Wilken,* the defendant waived his right to appeal his sentence unless the district court were to impose a sentence greater than the statutory maximum. *Id.* at 1164. During the plea colloquy, however, the district court advised Wilken that he could appeal his sentence if it was "in violation of the factors listed in the statute." *Id.* The Tenth Circuit interpreted the waiver consistently with the district court's statements at the change-of-plea hearing, and concluded that Wilken had not knowingly and voluntarily waived his right to challenge the reasonableness of his sentence. *Id.* at 1168-69. The Tenth Circuit reasoned that, just as a district court's statements during the plea colloquy can clarify the nature of an appeal waiver, any misstatements by the district court can cause confusion about the nature and scope of the waiver, rendering it unenforceable. *Id.* at 1168.

When interpreting a plea agreement, we give the language of the agreement its ordinary and natural meaning. *United States v. Rubbo*, 396 F.3d 1330, 1334-35 (11th Cir. 2005). "Plea bargains . . . are like contracts and should be interpreted in accord with what the parties intended." *Id.* at 1334. Any ambiguities in the agreement should be resolved in favor of the defendant. *See United States v.*

*Pielago*, 135 F.3d 703, 709-10 (11th Cir. 1998) (stating rule in context of proffer agreements after noting that plea agreements are governed by the same principles).

In this case, Ramos's challenge to his fine is barred by his sentence appeal waiver. Ramos's $15,000 fine is within the guideline range for a fine as calculated by the district court, and the government has not filed an appeal. Therefore, neither of the exceptions to the appeal waiver is applicable here.

Ramos's appeal waiver is knowing and voluntary because the district court specifically questioned him about the waiver during the plea colloquy. *See Bushert*, 997 F.2d at 1351. Contrary to Ramos's argument, the district court's description of the appeal waiver during the plea colloquy did not create any ambiguity as to the issues that he could appeal. The district court stated that Ramos could appeal his sentence if he received a sentence that was greater than what the Guidelines recommended—in other words, he could appeal an upward departure or upward variance. This was consistent with the terms of the appeal waiver. The district court did not suggest that Ramos could appeal a fine that was within the applicable guideline range. Thus, this case is distinguishable from *Wilken*, where the district court clearly stated at the plea colloquy that the defendant could appeal an issue that was barred by his appeal waiver. *See Wilken*, 498 F.3d at 1164.

Ramos's other arguments concerning the appeal waiver likewise fail. First, although the government agreed to recommend a sentence at the low end of the guideline range at the sentencing hearing, the government did not waive the right to raise any particular arguments on appeal. Thus, the government's appellate position is not a breach of its obligations under the plea agreement. Also, there is no "fundamental justice" exception to the rule that appeal waivers are enforceable. A valid appeal waiver precludes a defendant from raising even what appear to be clearly meritorious issues. *See United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) ("An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."). Therefore, we must enforce the appeal waiver and dismiss Ramos's challenge to his fine.

III.

Ramos did not object below that the district court should have notified him of its intent to impose an above-guideline sentence. Therefore, we are reviewing this issue for plain error. *See United States v. Valentine*, 21 F.3d 395, 398 (11th Cir. 1994) (applying plain error standard to district court's failure to give notice of a departure). Under the plain error standard, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009). If the defendant is able to satisfy all three

7

elements, we have discretion to correct an error that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1239 (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993)) (alteration in original).

A district court must provide the parties with reasonable notice that it is contemplating a departure from the Sentencing Guidelines. Fed.R.Crim.P. 32(h). No such notice is required, however, when the court imposes a variance based upon the § 3553(a) factors. *Irizarry v. United States*, 553 U.S. 708, 715-16, 128 S.Ct. 2198, 2203-04, 171 L.Ed.2d 28 (2008). In determining whether an above-guideline sentence is a departure or a variance, we examine the process that the district court used in making its sentencing decision. *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009). If the district court cited to a specific departure provision in the Guidelines, then it is apparent that the court intended to impose an upward departure. *Id.* On the other hand, if the district court made a finding that the guidelines were inadequate, that suggests that the defendant's sentence is the result of a variance. *Id.*

In this case, although the district court described Ramos's sentence as an "upward departure," the court's explanation of its sentencing decision shows that it actually intended to  impose an upward variance. The district court did not cite

8

to a specific departure provision of the Sentencing Guidelines, nor did it increase Ramos's offense level, as it would have done if it were imposing a departure. Instead, the district court discussed the nature and circumstances of the offense, Ramos's personal history and characteristics, the need for deterrence, the seriousness of the offense, and the sentences received by Ramos's co-conspirators, all of which were factors under 18 U.S.C. § 3553(a). Finally, the district court explained that it had reached its sentencing decision "after having evaluated each of the 3553 factors." Because the district court imposed a variance, not a departure, it did not have to give notice of its intent to impose an above-guideline sentence. *See Irizarry*, 553 U.S. at 715-16, 128 S.Ct. at 2203-04.

## IV.

Ramos did not object below to the district court's failure to provide a written statement of reasons, as required by 18 U.S.C. § 3553(c)(2). Therefore, we are reviewing that issue for plain error. *Bonilla*, 579 F.3d at 1238. If a district court imposes a sentence that is outside the defendant's guideline range, the court must include a written explanation of the defendant's sentence as part of the written judgment. 18 U.S.C. § 3553(c)(2). The purpose of § 3553(c)(2) is to allow for meaningful appellate review of a sentence. *Cf. United States v. Delvecchio*, 920 F.2d 810, 813 (11th Cir. 1991) (explaining that the district court

9

must provide a statement of reasons under § 3553(c)(2) "so that the reviewing court can determine whether the departure was justified.").

In this case, the district court detailed the reasons for Ramos's above-guideline sentence on the record during the sentencing hearing. The court's oral explanation provided a sufficient basis for appellate review of Ramos's sentence. Therefore, the district court's failure to enter a written statement of reasons did not affect Ramos's  substantial rights.

For the foregoing reasons, we dismiss Ramos's challenge to his fine and affirm his 100-month term of imprisonment.

**AFFIRMED IN PART AND DISMISSED IN PART.**