[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11357
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cr-00133-HES-JRK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA ANN JAMES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 4, 2013)

Before DUBINA, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Patricia James appeals her sentence of 60 months of imprisonment, imposed

following her pleas of guilty to bank fraud, 18 U.S.C. § 1344, and aggravated

identity theft, id. § 1028A.  James challenges the decision to increase her criminal history category level from III to V.  We affirm.

The district court did not err by departing upward two levels from the criminal history category level of III provided in James's presentence investigation report.  A district court may depart from the recommended sentencing range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of [her] criminal history or the likelihood that [she] will commit other crimes."  United States Sentencing Guidelines Manual § 4A1.3(a)(1) (Nov. 2012).  The district court reasonably determined that James's criminal history of III failed to reflect her recidivism and her "prolific criminal history" that consisted of 17 prior misdemeanor convictions, including 13 convictions for petit theft, and two prior felony convictions for forgery and selling cocaine.  See United States v. Riggs, 967 F.2d 561, 563 (11th Cir. 1992); United States v. Armstrong, 901 F.2d 988, 989 (11th Cir. 1990).  James argues that "her criminal history is a product of" the death of her father and of "her drug abuse," but James amassed several convictions before her father's death and continued her life of crime after completing two rounds of drug counseling and a comprehensive treatment program.  The district court reasonably determined that James "more accurately fit into a criminal history category of [V]," and James does not contest the degree of that departure.

2

We **AFFIRM** James's sentence.