[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11895
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cr-80194-DMM-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

RONNIE MONTSDEOCA,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 26, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and TJOFLAT, Circuit
Judges.

PER CURIAM:

Ronnie Montsdeoca appeals his 240-month sentence for bank robbery and attempted bank robbery. He argues on appeal that the District Court erred by failing to file a written statement of reasons justifying its upward variance. Such a statement is required by 18 U.S.C. § 3553(c)(2).

We review a claim concerning a district court's violation of 18 U.S.C. § 3553(c)(2) *de novo*, regardless of whether the argument was presented before the district court. *See United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016). In reviewing a sentence, we apply a harmless error standard — any error, defect, irregularity, or variance that does not affect substantial rights is harmless and must be disregarded. Fed. R. Crim. P. 52(a).

When a defendant is sentenced, the district court must state in open court the reasons for its imposition of the particular sentence. 18 U.S.C. § 3553(c). If the sentence exceeds the advisory guideline range, the court must give the specific reasons for the sentence imposed, which also must be stated with specificity in a written statement of reasons form. *Id.* § 3553(c)(2). The court should state enough reasons to satisfy the appellate court that it has considered the parties' arguments and has a justifiable basis for exercising its discretion to vary upward. *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

2

Here, Montsdeoca's imposed sentence was 240 months, which was an upward variance from his Guidelines sentencing range of 168 to 210 months.[1] The District Court erred by failing to provide a written statement of reasons form for its upward variance. However, the error was harmless, as the Court sufficiently explained its reasoning during sentencing to allow for meaningful appellate review. *See* 18 U.S.C. § 3553(c)(2); *United States v. Suarez*, 939 F.2d 929, 934 (11th Cir. 1991); *United States v. Delvecchio*, 920 F.2d 810, 813 (11th Cir. 1991). The court orally stated several reasons for Montsdeoca's above-guideline sentence — principally, the length and severity of his criminal record and his demonstrated recidivism even after a previous sentence for bank robbery. In doing so, the Court demonstrated that it had thoroughly considered the § 3553(a) factors and determined that those factors justified the degree of the variance. *See United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).

Further, Montsdeoca fails to point to any specific way in which he has been harmed by the District Court's failure to prepare a written § 3553(c)(2) report. Generally, the harm incurred by the defendant when a district court fails to prepare a written report is that it is not available for the Bureau of Prisons' review, which is what Montsdeoca argues has occurred in this case. *See United States v.*

---

[1] Montsdeoca does not challenge the substantive reasonableness of the imposed sentence on appeal.

3

*Massengill*, 319 F. App'x 879, 884 (11th Cir. 2009).  However, Montsdeoca's extensive criminal history, which was the primary basis for the District Court's decision to vary upward, is readily available to the Bureau of Prisons through the presentence investigation report and other records.  For these reasons, any error by the court in not stating its specific reasons in written form was harmless because it did not affect Montsdeoca's substantial rights.  *See* Fed. R. Crim. P. 52(a).  Accordingly, we affirm Montsdeoca's sentence.

    **AFFIRMED.**