[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 1, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 05-11692, 05-11693,
05-11694 & 05-11932
Non-Argument Calendar

_____

D. C. Docket Nos.
04-00340-CR-1-1, 04-00332-CR-1-1,
04-00109-CR-1-1 & 05-00105-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES LEE LOGGINS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(February 1, 2006)**

Before TJOFLAT, CARNES  and MARCUS, Circuit Judges.

PER CURIAM:

James Lee Loggins appeals his concurrent sentences of 150 months imprisonment for four counts of bank robbery and one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a).[1]  We affirm.

The district court held a sentencing hearing on March 4, 2005.  It initially gave Loggins a base offense level of 26 and criminal history category of IV.  However, the court stated that "the criminal history score of 4 is not adequate to predict the risk of recidivism in this case" given Loggins' drug habit and previous bank robbery convictions.  The court also noted that Loggins had benefitted greatly from having received reduced sentences for prior offenses due to their consolidation.  The court stated that "what I'm supposed to do at least under the strict guideline scheme is first consider whether 110 to 137 months [the next criminal history category, which is V] is enough, and I think it's not . . ."  The court determined that a two-level upward adjustment to criminal history category VI was appropriate.

With a total offense level of 26 and a criminal history category of VI, the court determined the guideline range to be 120 to 150 months.  The court then

---

[1]  Loggins was convicted of the following offenses:  (1) two bank robberies in the Northern District of Alabama; (2) a bank robbery in Middle District of Alabama; (3) a bank robbery in the Northern District of Georgia; and (4) an attempted bank robbery in the Southern District of Alabama.  Originally, there were four separate cases.  However, the three Alabama cases were consolidated with the Northern District of Georgia case.

asked the parties for their recommendations within the applicable guideline range, and both recommended the low end of the range. However, the court sentenced Loggins to 150 months imprisonment for each of the four counts of bank robbery and for the one count of attempted bank robbery with the terms to run concurrently.

Loggins contends that the district court erred when it departed upward at sentencing pursuant to U.S.S.G. § 4A1.3 because it did not refer to any of the enumerated factors as justification for the departure. He argues that the district court failed to seriously consider whether the next higher criminal history category of V adequately reflected Loggins' past conduct before settling on a criminal history category of VI.

We are required to "review for unreasonableness" a sentence imposed post-Booker. United States v. Booker, 543 U.S. 220, ___, 125 S. Ct. 738, 765 (2005) (internal quotation marks and alteration omitted); see also United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (noting that "Booker established a 'reasonableness' standard for the sentence finally imposed on a defendant"). Nonetheless, we have held that the district court is obligated "to calculate correctly the sentencing range prescribed by the Guidelines." Crawford, 407 F.3d at 1178. The requirement to calculate correctly the guideline range applies to upward

departures. See United States v. Ellis, 419 F.3d 1189, 1193 (11th Cir. 2005).

The pre-Booker standards of review for application of the Sentencing Guidelines issues apply post-Booker. Crawford, 407 F.3d at 1178. We review departures from the guidelines in three analytical steps: (1) any legal question concerning the district court's interpretation of the guidelines is reviewed de novo; (2) "the factual basis for a departure is reviewed for sufficiency under a clear error standard"; and (3) "the direction and scope of a departure are reviewed for reasonableness." United States v. Maurice, 69 F.3d 1553, 1556 (11th Cir. 1995). We will not reverse, however, if an error is harmless, that is if it does not "affect the substantial rights of the parties." See United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998).

Under U.S.S.G. § 4A1.3(a)(1), a court can depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." A court can base its upward departure, pursuant to U.S.S.G. § 4A1.3(a)(2), on the following information:

> (A) Prior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses).
> (B) Prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions.

4

(C) Prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order.
(D) Whether the defendant was pending trial or sentencing on another charge at the time of the instant offense.
(E) Prior similar adult criminal conduct not resulting in a criminal conviction.

As to the extent of the upward departure, except as to departures from category VI, "the court shall determine the extent of a departure . . . by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." U.S.S.G. § 4A1.3(a)(4)(A).

In departing upward under § 4A1.3, a court "may not simply, and inexplicably, depart from the applicable guidelines range." United States v. Williams, 989 F.2d 1137, 1142 (11th Cir. 1993) (internal quotation marks omitted). A district court must follow a step-by-step procedure. See id. We have stated:

> [w]hen departing upward under the auspices of § 4A1.3, the court must look first to the next criminal history category. If that category adequately reflects the defendant's past conduct, then the court must state its findings and sentence the defendant within the range for the new category. If, on the other hand, the court decides that this new category is still inadequate to reflect the defendant's criminal history, the court must look to the next highest category and repeat its inquiry.

Id. (internal quotation marks and citations omitted). "What the court cannot do is hold that because the defendant almost falls within the definition of career

5

offender, i.e., he would be a career offender if his sentences had not been consolidated, it automatically will treat him as such." United States v. Delvecchio, 920 F.2d 810, 814 (11th Cir. 1991).

In this case, the court did not err in its application of the guidelines. The district court followed the required step-by-step procedure. First, the court correctly calculated the applicable guidelines range. Second, in departing horizontally across the guidelines table, the court considered the next highest criminal history category, which was category V. Third, only when the court determined that category V was insufficient did it consider and impose a sentence based on a criminal history category of VI. Moreover, the court relied on the factors listed in U.S.S.G. § 4A1.3 when it imposed the upward departure, including information regarding Loggins' 1991 bank robbery convictions for which he received a sentence of more than one year. See U.S.S.G. § 4A1.3(a)(2)(B). Thus, the court's upward departure was reasonable.

Loggins also contends that the district court violated the mandatory provisions of both 18 U.S.C. § 3553(c) and U.S.S.G. § 4A1.3(c) by failing to set forth in writing the reasons for its departure. Under § 3553(c), the court is required to state in open court at the time of sentencing its reasons for imposing a particular sentence. Section 3553(c). If the sentence is outside the guideline range for the

6

applicable category of offense, the court must state with specificity in its "written order of judgment and commitment" the reasons for its departure. § 3553(c)(2). Pursuant to U.S.S.G. § 4A1.3(c), the court, in departing from the otherwise applicable criminal history category, "shall specify in writing the following: (1) [i]n the case of an upward departure, the specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(c)(1).

Because Loggins did not object in the district court to its failure to provide a written statement pursuant to 18 U.S.C. § 3553(c)(2) and U.S.S.G. § 4A1.3(c)(1), the absence of a written statement is reviewed only for plain error. See United States v. Massey, 89 F.3d 1433, 1441 (11th Cir. 1996). To satisfy the plain error standard, the defendant must establish that: (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights," in that the error was prejudicial and not harmless. United States v. Olano, 507 U.S. 725, 730–32, 113 S. Ct. 1770, 1776 (1993).

There is error in this case and it is plain or obvious. The district court failed to state in writing its reasons for the upward departure, as required by 18 U.S.C. § 3553(c)(2) and U.S.S.G. § 4A1.3(c)(1). However, Loggins has not shown that the

7

error affected his substantial rights.  During the February 16, 2005 hearing regarding the PSI and the March 4, 2005 sentencing hearing, the court explained in great detail why it considered the guidelines range for a criminal history category of IV to be inadequate.  The judge referred to Loggins' criminal history, his likelihood of recidivism, and the fact that Loggins had benefitted greatly from having received reduced sentences for prior offenses due to their consolidation. Because the court articulated its reasons for the upward departure on the record in two separate hearings, Loggins has not demonstrated that the court's failure to memorialize in writing its reason for the upward departure affected his substantial rights, that it was prejudicial.

AFFIRMED.