[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11033
Non-Argument Calendar

_____

D. C. Docket No. 05-00069-TP-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LAZARO ROBAINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 5, 2006)**

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Jose Lazaro Robaina appeals his sentence of 36 months' imprisonment

following the revocation of his term of supervised release. First, Robaina argues that the district court's decision to sentence him at the statutory maximum was "unreasonable and violated [his] due process [rights] because there was insufficient evidence in the record that [he] was a drug dealer." Second, Robaina argues that his sentence was illegal because the court failed to: (a) make a statement of the reasons for the departure upwards; (b) consider the guidelines' Chapter 7 policy statements; (c) consider the 18 U.S.C. § 3553(a) factors; and (d) consider 18 U.S.C. § 3583(d), which he argues requires the court to consider substance abuse programs in sentencing.

## I.

We review an appellant's total sentence for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). In reviewing a sentence for reasonableness, we are guided by the factors in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Such review is deferential, requiring only that we "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Because Robaina failed to object to the constitutionality of his sentence before the district court, we will review this issue only for plain error. United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006).

Finally, we review a district court's decision after revocation of supervised release to impose a sentence above the range recommended by Chapter 7 of the Sentencing Guidelines for abuse of discretion. United States v. Brown, 224 F.3d 1237, 1239 (11th Cir. 2000). A court abuses its discretion when its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005), cert. denied, 126 S.Ct. 1809 (2006).

"Defendants involved in revocation proceedings are entitled to certain minimal due process requirements." United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). In the parole revocation context, the Supreme Court has held that due process requires:

(a) written notice of the claimed violations;
(b) disclosure of the evidence against the person;
(c) an opportunity to be heard in person and to present evidence;
(d) the right to confront and cross-examine witnesses;
(e) a "neutral and detached" hearing body; and
(f) a written statement by the factfinders indicating the evidence upon which they relied and their reasons for revoking supervision.

Morrissey v. Brewer, 408 U.S. 471, 488-89, 487, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). We have extended the "protections granted those facing revocation of parole [to cover] those facing the revocation of supervised release." United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994).

3

We have held that "[t]he findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989). Further, a sentencing court "may consider any information with sufficient reliability." United States v. Riley, 142 F.3d 1254, 1258 (11th Cir. 1998).

Having carefully reviewed the record and the briefs of the parties, we find no reversible error. Although the district court did not expressly state that it had considered the § 3553(a) factors, it is nevertheless clear from our review of the sentencing transcript that it considered those factors. Further, the court did acknowledge that the advisory imprisonment range was 12 to 18 months. Based on our review of the record, we conclude that the sentence at the statutory maximum was reasonable.

Robaina does not specifically explain how the district court violated his due process rights beyond connecting the violation to a lack of evidence. However, due process does not specifically address such an issue. Add to this the fact that Robaina does not cite any authority on this point, and it becomes difficult to detect how we should analyze the issue. Nevertheless, the record shows that Robaina did receive written notice of the claimed violations in form of the probation officer's

petition and superceding petition.  It is also clear that Robaina's counsel had access to the probation officer's report, which disclosed the evidence against him.  Next, the court gave Robaina an opportunity to be heard, and although he did not present evidence or examine any adverse witnesses after admitting to the violations, his opportunity to do so was not restricted.  Finally, the court was neutral, and although it did not expressly state the reasons for the revocation, as discussed below, this is not plain error.

Before the district court, Robaina's counsel admitted that Robaina was a drug addict and that he had been arrested with eight small bags of cocaine.  The government also raised his drug addiction and asserted that he also sold drugs.  The probation officer's report contained background information about Robaina, and further reported that eight bags of cocaine had been found in Robaina's residence, and that the probation officer had determined that Robaina had moved without telling him and that he was not working but was dealing drugs.

While Robaina's counsel did question the sufficiency of the physical evidence alone to support the finding that Robaina was dealing drugs, he did not address the probation officer's report, and he did not otherwise challenge the reliability of the findings contained therein.  Taking all of the information before the court into consideration, the finding that Robaina had been dealing drugs was

supported. Accordingly, the court was apparently convinced that Robaina was a danger to the community. In addition, Robaina himself had a chronic problem with drug addiction, and he had lied to his probation officer. Thus, the court did not abuse its discretion in sentencing Robaina above the term recommended by the guidelines' Chapter 7 policy statements.

## II.

"Where the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and [we] will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice." United States v. Jones, 899 F.2d 1097, 1103 (11th Cir.1990), overruled on other grounds, United States v. Morrill, 984 F.2d 1136, 1137 (11th Cir.1993). Because Robaina did not raise the objections he raises here before the district court, they are waived and will be reviewed for plain error only. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

Plain error exists only where (1) there is an error; (2) the error is plain or obvious; and (3) the error affects the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 1777-78, 123 L.Ed.2d 508 (1993). When these three factors are met, we may then exercise our discretion and correct

6

the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 736, 113 S.Ct. at 1779.

a.

According to statute, "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is [longer than recommended by the guidelines], the specific reason for the imposition of [such] a sentence . . . , which reasons must also be stated with specificity in the written order of judgment and commitment." 18 U.S.C. § 3553(c)(2).

Having carefully reviewed the record and the briefs of the parties, we find no reversible error. The reasons for the sentence the court imposed are evident from the sentencing transcript. Furthermore, because Robaina's argument was not preserved below, he must show not only that there was error, but that it was also plain. In order for the error to be plain, there must be binding precedent clearly holding that it is such. See United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005) ("'[a]n error cannot meet the 'plain' requirement of the plain error rule if it is not 'clear under current law.'"). While the Eighth Circuit has addressed the issue, we have not, nor has the Supreme Court. See United States v. White Face, 383 F.3d 733, 737-39 (8th Cir. 2004). Accordingly, Robaina has not demonstrated

7

plain error in this regard, and his argument is meritless.

b.

We have consistently held that the policy statements of Chapter 7 are merely advisory and not binding. Aguillard, 217 F.3d at 1320. However, the district court is required to consider the statements, and when exceeding them, "must normally indicate that it considered [them]." United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006); see 18 U.S.C. § 3553(a)(4) (requiring the district court, when sentencing after revocation of supervised release, to consider the Chapter 7 policy statements). In this regard, it is generally "enough that there is some indication the district court was aware of and considered [the policy statements]." Aguillard, 217 F.3d at 1320.

Having carefully reviewed the record and the briefs of the parties, we find no reversible error. Here, the district court expressly relied on the probation officer's report when it sentenced Robaina. The report, as discussed above, analyzed the Chapter 7 policy statements in great detail. Further, the court acknowledged the Chapter 7 sentence range. Accordingly, the court committed no plain error, and this argument is meritless. See Silva, 443 F.3d at 799 (holding that the sentencing court fulfilled the requirement "when it noted that a sentence above the guidelines range was necessary to respond to [the defendant's] numerous

8

probation violations").

c.

By statute, the district court can revoke a term of supervised release and sentence a defendant to a term of imprisonment instead, but first must consider several of the § 3553(a) factors. See 18 U.S.C. § 3583(e). Having carefully reviewed the record and the briefs of the parties, we find no reversible error. Because the court's decision was reasonable under § 3553(a), Robaina has not shown plain error in this regard. See Scott 426 F.3d at 1329 (no requirement that the court state that it has explicitly considered the § 3553(a) factors).

d.

Titled "[c]onditions of supervised release," 18 U.S.C. § 3583(d) states, in part, that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d). The rest of that section lists all of the conditions of a sentence of supervised release that a court must order.

Section 3583(g), which § 3583(d) cross-references, addresses the

9

"[m]andatory revocation [of supervised release] for possession of controlled substance or firearm or for refusal to comply with drug testing." 18 U.S.C. § 3583(g). Under that section, if the defendant, among other things, possesses a controlled substance or refuses to comply with drug testing while on supervised release, "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under [§ 3583(e)(3)]." Id.

Having carefully reviewed the record and the briefs of the parties, we find no reversible error. As discussed above, while the court did not expressly state its considerations in sentencing Robaina, both sides argued that he was a drug addict, and Robaina's counsel argued that he should have substance abuse treatment. Accordingly, the court was presented with arguments on this subject which it considered. We have held that "a court may consider a defendant's rehabilitative needs when imposing a specific incarcerative term following revocation of supervised release." United States v. Brown, 224 F.3d 1237, 1240 (11th Cir. 2000). However, Robaina has not cited, and research has failed to reveal, any binding precedent requiring that the court state its consideration on the record. See also United States v. Hammonds, 370 F.3d 1032, 1039 (10th Cir. 2004) ("There is no indication the court did not recognize it had discretion to order enrollment in a

10

substance abuse program."). Having failed to show that the district court committed plain error in this respect, Robaina's final argument it meritless.

Based on the foregoing, Robaina has failed to demonstrate any error on the district court's part, and therefore his sentence following the revocation of supervised release is affirmed.

**AFFIRMED**