[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2008
THOMAS K. KAHN
CLERK

————————————————

No. 07-10713
Non-Argument Calendar

————————————————

D. C. Docket No. 06-10017-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO GONZALEZ-DELGADO,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

**(March 26, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Rolando Gonzalez-Delgado ("Delgado")[1] appeals his sentence resulting from his pleading guilty to various alien-smuggling offenses. Delgado pleaded guilty to the following 67 counts: involuntary manslaughter, in violation of 18 U.S.C. § 1112 (Count 1); conspiracy to smuggle aliens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) (Count 2); encouraging and inducing aliens to enter the United States, resulting in death, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (a)(1)(B)(iv) (Counts 3-33); conspiracy to smuggle aliens for profit in violation of 18 U.S.C. § 371 (Count 34); smuggling aliens for profit, in violation of 8 U.S.C. Section 1324(a)(2)(B)(ii) (Counts 35-65); unauthorized entry into Cuban territorial seas, in violation of 50 U.S.C. § 192, 33 C.F.R. §§ 107.215(a) and 107.230, and 18 U.S.C. § 2237(a)(1), (2) (Count 67).

## I. BACKGROUND

All of the charges in this case stem from Delgado's attempt to smuggle 31 aliens into the United States. Delgado, along with two other individuals, used a go-fast vessel, designed to hold nine people, to attempt to transport 34 people (31 aliens and three smugglers) from Cuba to South Florida. The aliens were to pay the smugglers between $8,000 and $10,000 when they arrived in the United States.

---

[1] Codefendant Heinrich Castillo-Diaz moved to dismiss his appeal with prejudice, which we granted by separate order.

Two Coast Guard vessels intercepted Delgado's vessel 30 nautical miles south of Key West. The Coast Guard instructed Delgado to stop, but he accelerated and began executing evasive maneuvers. After a 45-minute chase, the Coast Guard used disabling fire to stop the go-fast vessel. When the Coast Guard boarded the vessel, they found that many of the aliens had been injured, one seriously injured. The seriously injured alien died while being transported to a medical facility.

At the sentencing hearing, the court calculated a Guidelines range of 57-71 months' imprisonment. After hearing Coast Guard testimony about severe problems and dangers associated with alien smuggling, the district court sentenced Delgado to the following concurrent terms: 60 months' imprisonment for Counts 1, 34, and 67; 120 months' imprisonment for Counts 35-36 and 66; and 144 months' imprisonment for Counts 2 and 3-33 and 37-65. Delgado objected that his 144-month sentences was unreasonable. The court overruled his objection and entered judgment against Delgado. Delgado then perfected this appeal.

## II. ISSUES

(1) Whether the sentence imposed by the district court was reasonable.

(2) Whether the district court committed reversible error under 18 U.S.C. § 3553(c)(2) by failing to provide Delgado with written statements of the reasons for the above-Guidelines sentence.

### III.  STANDARDS OF REVIEW

"We review the sentence imposed by the district court for reasonableness." *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *United States v. Gall*, 128 S. Ct. 586, 597, 169 L. E.2d 445 (2007). "Because [Delgado] did not object in the district court to its failure to provide a written statement pursuant to 18 U.S.C. § 3553(c)(2) and U.S.S.G § 4A1.3(c), the absence of a written statement is reviewed only for plain error."  *United States v. Loggins*, 165 Fed.Appx. 785, 788 (11th Cir. 2006) (per curiam) (unpublished opinion).

### IV.  DISCUSSION

*(1) Reasonableness*

Reasonableness review consists of two inquiries: whether the sentence is procedurally reasonable and whether the sentence is substantively reasonable.  *See Gall*, 128 S. Ct. at 597.

Delgado alleges that the sentence was procedurally unreasonable because the district court considered impermissible factors in determining the sentence. *See United States v. Williams*, 456 F.3d 1353, 1361 (11th Cir. 2006) ("[A] sentence can be unreasonable, regardless of length, if the district court's selection

4

of the sentence was substantially affected by its consideration of impermissible factors."). Specifically, Delgado alleges that the court impermissibly considered "local and community conditions" in deciding to impose an above-guidelines sentence. In support of this view, Delgado relies on a pre-*Booker* decision from this court, *United States v. Hadaway*, 998 F.2d 917 (11th Cir. 1993), and a recent opinion from the Second Circuit, *United States v. Cavera*, 505 F.3d 216 (2d Cir. 2007).[2]

In *Hadaway*, the defendant was convicted of violating federal firearms statutes by possessing a sawed-off shotgun. Hadaway sought a downward departure because members of the rural community in which he lived often violated firearms laws and thus viewed the Guidelines range to be excessive. The district court declined to grant this downward departure and on the appeal this court held that "departures based on 'community standards' are not permitted under the Sentencing Guidelines." *Hadaway*, 998 F.2d at 920.

In *Cavera*, the defendant was convicted of trafficking firearms in New York City. The district court imposed an above-Guidelines sentence solely based on the

---

[2] Delgado actually relies on the first *Cavera* opinion issued by the Second Circuit, which was unpublished. This opinion was subsequently withdrawn and replaced with the published opinion cited above. Because the holding of the published opinion is very similar and still relevant, our citations are to this opinion.

population density of New York, which made the crime more dangerous in the court's opinion. The Second Circuit reversed, stating that "[u]nder the circumstances of this case, the district court's reliance on the simple fact of population density to impose a non-Guidelines sentence constituted legal error and rendered defendant's sentence unreasonable." *Cavera,* 505 F.3d at 219.

Delgado's argument in this case fails because a reading of the record clearly reveals that the sentence was not substantially affected by the consideration of local and community conditions. Rather, the upward variance from the Guidelines range resulted from the nature and circumstances of the offense and the need to protect the public. Unlike *Cavera*, where the district court made "no reference to any characteristic particular to the defendant or his crime," the court in this case specifically addressed the both the nature and characteristics of the crime and the defendant in imposing the sentences. *Id.* at 221.

In discussing the nature of the offenses, the court specifically noted the risk imposed on the United States Coast Guard by the high-speed chase, as well as the risk to the aliens given the vessel's overcrowding. The court also recognized the ultimate consequence of that risk–the death of one alien. In discussing the characteristics of Delgado, the court repeatedly referenced the fact that he was a greedy mercenary. The court also stated that it was going to send a message to

6

these criminals who think that smuggling's rewards outweigh its risks. Though the court did mention the desire to deter smuggling in South Florida and interviewed a Coast Guard supervisor from South Florida, the record reveals that the sentence imposed was not substantially affected by the consideration of local and community conditions, but resulted from the nature and characteristics of the offense and defendant as well as the desire to deter all future smugglers. Therefore, we conclude that the sentence imposed was procedurally reasonable.

Delgado also alleges that his 144-month sentence was substantively unreasonable. We disagree. As the district court correctly noted, this was a truly horrible crime in which the defendant risked not only the lives of the 31 aliens (one of whom was actually died) aboard his boat, but also the lives of countless members of the United States Coast Guard. Though Delgado's 144-month sentence was above the Guidelines range, it was also significantly less than the statutory maximum of life imprisonment. Furthermore, the facts of this case are strikingly similar to *United States v. Rodriguez*, 203 Fed.Appx. 309 (11th Cir. 2006) (per curiam) (unpublished opinion), which also involved the smuggling of illegal aliens from Cuba to South Florida.

In *Rodriguez*, the defendants also engaged in a high-speed chase with the United States Coast Guard, resulting in the death of one of the aliens. The

7

applicable Guidelines range was identical to the range in this case, 57-71 months. However, the district court sentenced the defendants to 120 months after finding that "a sentence within the guidelines range failed to adequately account for the death of a six-year-old child or the risk posed to the [Coast Guard] crew by the high speed chase. The district court also concluded that a guidelines sentence would not adequately deter future alien smuggling ventures." *Id.* at 315. On appeal, we affirmed this sentence, stating that the "district court's reasons for imposing the 120-month sentences reflect the nature and circumstances of the offense and the need for the sentences to reflect the seriousness of the offense and to provide deterrence, all § 3553(a) factors." *Id.*

Therefore, in light of nature and circumstances of this case, and our prior holding in *Rodriguez*, we conclude that the district court did not abuse its discretion in imposing a 144-month sentence.

*(2) 18 U.S.C. § 3553(c)(2)*

If the sentence imposed is above the applicable Guidelines range, 18 U.S.C. § 3553(c)(2) requires that the court provide the specific reasons for the sentence in its written order of judgment and commitment. The district court failed to comply with this provision. However, because Delgado did not raise this issue below, he "must show not only that there was error, but that it was also plain." *United States*

8

*v. Robaina*, 194 Fed.Appx. 735, 739 (11th Cir. 2006); *United States v. Loggins,* 165 Fed.Appx. 785, 788 (11th Cir. 2006).

Plain error "requires [Delgado] to establish (1) that there was error (2) that was plain; (3) that affected [his] substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007). The record here demonstrates that the Delgado was told the reasons for his above-Guidelines sentences. Furthermore, the record provides adequate information from which he was able to challenge his sentence on appeal. Therefore, he cannot satisfy the plain error standard as neither his substantial rights nor the fairness of the judicial proceeding were affected by the district court's failure to comply with 18 U.S.C. § 3553(c)(2).

## V. CONCLUSION

For the above-stated reasons, we affirm the sentence imposed by the district court.

**AFFIRMED.**