**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Sherman BLACKWELL, a/k/a Jim Blackwell, a/k/a Snake, Defendant-Appellant.**

**No. 85–7009.**

United States Court of Appeals, Eleventh Circuit.

July 23, 1985.

Lee Stamp, Mobile, Ala., for defendant-appellant.

J.B. Sessions, III, U.S. Atty., E.T. Rolison, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

## ORDER:

This order addresses what is perhaps the most unsettling circumstance which may confront an advocate under our adversary system of justice, counsel's motion to withdraw from representation of his client on appeal based upon his conscientious belief that the appeal is frivolous. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

Our courts have from the beginning recognized that able advocates are the *sine qua non* of sound adjudication. *See The Antelope*, 23 U.S. (10 Wheat.) 66, 114, 6 L.Ed. 268 (1825) (Marshall, C.J.). And yet, in our contemporary era of "hyperlexis" it has become apparent that often the best service an advocate can render both his client and the court is a candid expression of his or her belief that the claim at issue is without merit.

The tension inherent between these two fundamental propositions, as it affects rights accruing to criminal defendants under the sixth and fourteenth amendments, was addressed by the Supreme Court in *Anders*. It was held in that case:

[t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. *That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.*

*Anders*, 386 U.S. at 744, 87 S.Ct. at 1400 (footnote omitted) (emphasis added). *Anders* thus accommodates the tensions imposed upon a lawyer, who is both an advocate for his client and an officer of his court, by setting in motion a procedure whereby the court can independently evaluate the merit of a pending appeal. "This procedure will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel." *Anders*, 386 U.S. at 745, 87 S.Ct. at 1400.

If the *Anders* procedure is to work, therefore, the lawyer filing the *Anders* brief must, to the extent possible, remain in his role as advocate; at this stage of proceeding it is not for the lawyer to act as an unbiased judge of the merit of particular grounds for appeal. He or she is required to set out *any* irregularities in the trial process or other potential error which, although in his judgment not a basis for appellate relief, might, in the judgment of

**1488**

his client or another counselor or the court, be arguably meritorious. This is done in order that these potential claims not be overlooked. The objective of these potential claims is for the court's determination, not the advocate's.

In this case appointed counsel has moved to withdraw as appellate counsel on the basis that an appeal is frivolous. He has filed an *Anders* brief in support of that motion. His client has not responded. The brief as filed contains eight pages of excerpt from the testimony of witnesses at trial. The requirement of *Anders* is set out, as is counsel's statement that he has been unable to find anything in the record which might arguably support an appeal.

We appreciate counsel's service in an appointed capacity. We also appreciate his candor with the court in evaluating the claims on appeal. However, we believe that it is incumbent upon counsel to do more. The *Anders* brief submitted for our review does no more than a no-merit letter would do; neither the client nor the court is aided. Counsel should review the record in this case and, setting aside his independent and presumably unbiased view of those proceedings, submit for our attention any irregularities which may arguably give rise to appellate grounds. This same submission should be made to counsel's client who should be apprised that he will be given time and opportunity to raise any points he chooses. When this is done, counsel's motion to withdraw may properly be considered.

The motion to withdraw, as filed is DENIED. This denial is without prejudice to any subsequent motion to withdraw which may be supported by a brief comporting with the requirements of this order.