**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ronnie Luke EDWARDS,**
**Defendant-Appellant.**

**No. 86–5535**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 27, 1987.

Leonard J. Cooperman, Ferguson & Ferguson, P.A., Miami, Fla., for defendant-appellant.

---

Leon B. Kellner, U.S. Atty., James G. McAdams, III, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before HILL, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Ronnie Luke Edwards was convicted by a jury for conspiracy to possess with intent to distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), and for possession with the intent to distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), 18 U.S.C. § 2. He was sentenced to four years confinement on each of the two counts, to run concurrently. At trial, Edwards was represented by counsel, whose motion to withdraw as counsel was granted by this court after the appeal was taken. This court then appointed Leonard Cooperman to represent Edwards in his appeal.

We are now presented with a motion by Cooperman to withdraw. In support of his motion he has filed a brief complying with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Edwards was properly served and given notice of his right to file a pro se response and brief. In response he filed a letter stating simply that he had no objections as long as substitute counsel was appointed, and Edwards received all materials prepared by Cooperman thus far in the case.

In his brief supporting his motion to withdraw, Cooperman states that he has read the entire record, consulted with Edwards' trial counsel, attempted by two letters to contact Edwards, done significant legal research, and, after this inquiry, is of the opinion that Edwards' appeal is wholly frivolous. Under *Anders*, should an attorney seek to withdraw, he must file a brief pointing the court to any argument which may arguably support an appeal. In compliance with this requirement, Cooperman suggested that the only conceivable issue

on appeal would be the admission of Edwards' confession, which was obtained by marine patrol officers in the course of their investigation. At trial Edwards' counsel argued that his confession should be suppressed because the police allowed him to drink during the course of their investigation, and that he was intoxicated, rendering him unable to voluntarily waive his right to remain silent, and incapable of understanding the *Miranda* warnings given to him. Edwards' trial counsel filed a motion to suppress his confession, and, after a hearing, the district court denied the motion to suppress.[1]

Counsel's compliance with the *Anders* requirement is minimal, but sufficient. He pointed the court to the one argument which Edwards could assert on appeal, gave citation to relevant authority, and isolated the pages in the record relevant to the issue. Thus, unlike the *Anders* brief found insufficient in *United States v. Blackwell*, 767 F.2d 1486 (11th Cir.1985), the brief filed by Cooperman is sufficient to aid the court and Cooperman's client in determining whether Cooperman is correct in asserting that the appeal is frivolous.

An independent review of the record fails to reveal any issue of arguable merit. The only conceivable grounds for appeal is the failure to suppress Edwards' incriminating statements. However, the voluntariness of a confession is a question of fact. The findings of fact on the motion to suppress should not be disturbed on appeal unless clearly erroneous. *Jurek v. Estelle*, 623 F.2d 929 (5th Cir.1980) (en banc), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203; 450 U.S. 1014, 101 S.Ct. 1724, 68 L.Ed.2d 214 (1981). The district judge had before him all of the relevant witnesses, and was able to evaluate the facts on the credibility of those witnesses. All of the officers testified to the fact that Edwards was not intoxicated, and clearly understood what he was doing and what was said. Moreover, the detailed

---

1. The district court did suppress a small portion of Edwards' statements, but not because Edwards was allegedly intoxicated. Rather, the court found that a small portion of his statement was more prejudicial than probative and excluded it on those grounds.

nature and coherence of Edwards' statements belie the notion that he was too intoxicated to give them voluntarily. This court finds no grounds upon which we can hold that the district court's decision on this issue was clearly erroneous. That issue aside, the record reveals no action by the district court or defense counsel upon which to base an appeal. Therefore, the motion to withdraw is granted. The conviction of the defendant is AFFIRMED.