[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14314
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00500-VMC-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY L. DAWSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 13, 2018)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Johnny L. Dawson appeals his conviction by guilty plea as a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1).  He also appeals his sentence of 15-years imprisonment followed by 5-years supervised release imposed pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  Dawson's appointed counsel asserts that Dawson has no meritorious issues to bring to our attention on appeal.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  As a result, counsel has filed a 16-page brief "pointing the court to any argument which may arguably support an appeal." United States v. Edwards, 822 F.2d 1012, 1013 (11th Cir. 1987) (per curiam).  Dawson received a copy of counsel's Anders brief, as required.  Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  On January 9, 2018, Dawson responded to the Anders brief by filing his own pro se brief.

As Anders requires, we have carefully reviewed counsel's brief, Dawson's brief, as well as the record.  Id.  We have independently determined there are no issues of arguable merit for our review.  Id.  Dawson's pro se claim that he was inappropriately sentenced to a 15-year prison term under ACCA is without merit, as the record indicates his sentence was based in part on his three prior convictions under Florida Statute § 893.13(1).  These convictions qualify as "serious drug offenses" under ACCA.  See United States v. Smith, 775 F.3d 1262, 1268 (11th

2

Cir. 2014) (holding that convictions under Fla. Stat. § 893.13(1) qualify as "serious drug offense[s]" under § 924(e)(2)(A) of ACCA).

Also without merit is Dawson's pro se claim that the district court did not take proper steps to ensure his guilty plea was knowing, intelligent, and voluntary in light of his personal and family history of mental and cognitive impairment. Indeed, Dawson told the magistrate judge during his plea colloquy he had never been treated for mental illness, and, through the Pre-Sentence Report, he verified he had "no personal or family history of mental or emotional health problems." See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (reiterating rule that "[t]here is a strong presumption that the statements made during [a plea] colloquy are true").

In his pro se brief, Dawson also argues he did not plead guilty knowingly, intelligently, and voluntarily because the district court did not tell him he could face a 15-year ACCA prison sentence before this sentence was imposed. However, during his guilty plea colloquy, which was three months before his sentencing, the magistrate judge affirmatively told Dawson that he might be subject to "a mandatory minimum term of imprisonment of 15 years."  The magistrate judge then expressly asked Dawson whether he understood the penalties he faced, and Dawson replied, "Yes, sir."  Therefore, this argument has no merit.

Finally, Dawson appears to argue that his trial counsel misled him during plea negotiations and that trial counsel failed to account for his "mental incapacity" in advising him. We view this as a claim that Dawson's trial lawyer violated his Sixth Amendment right to effective assistance of counsel. See McMann v. Richardson, 397 U.S. 759, 771 & n.14, 90 S. Ct. 1441, 1449 & n.14 (1970) (defendants are "entitled to the effective assistance of competent counsel" during plea negotiations). Understood as such, this claim would more properly be brought in a motion to vacate under 28 U.S.C. § 2255, so that an evidentiary record may be developed. Without such a record before us here, we decline to decide this claim. See United States v. Tynsdale, 209 F.3d 1292, 1294 (11th Cir. 2000) (per curiam).

We find no issues of arguable merit for our review at this juncture. We therefore **AFFIRM** Dawson's conviction and sentence, and we **GRANT** counsel's motion to withdraw.

4