[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12123
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cr-00070-SCB-JSS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLIE CARTER, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 10, 2021)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Charlie Carter, III appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Carter's appointed counsel asserts that Carter has no meritorious issues to bring to our attention on appeal. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967) (when counsel determines that a criminal defendant's case is "wholly frivolous," counsel must "so advise the court and request permission to withdraw"). As required, his counsel filed a brief setting out any irregularities or other potential errors in Carter's trial process that might arguably be meritorious. See United States v. Blackwell, 767 F.2d 1486, 1487–88 (11th Cir. 1985) (per curiam). Carter responded to the Anders brief by filing his own pro se brief.

We have carefully reviewed Carter's counsel's brief, Carter's pro se brief, as well as the record. Anders, 386 U.S. at 744, 87 S. Ct. at 1400. We have independently determined there are no issues of arguable merit for our review. Id.

In his pro se brief, Carter argues that the district court should have suppressed evidence obtained as a result of a traffic stop conducted after he allegedly made an improper right-hand turn. Carter says the district court was wrong to credit the police officer's testimony. But the police officer's testimony that he observed Carter improperly turn right into the center lane was not so improbable that the district court's "understanding of the facts appears to be unbelievable." See United States v. Evans, 958 F.3d 1102, 1107 (11th Cir. 2020)

2

(quotation marks omitted).  And, contrary to Carter's claim, the two diagrams the police officer drew of the intersection where he observed this improper turn were consistent with the testimony he offered.  Carter's argument that the district court erred in crediting the police officer's testimony is therefore without arguable merit.

Carter's claim that the police officer improperly prolonged the traffic stop, an argument he makes for the first time on appeal, fares no better.  The police officer testified that he smelled marijuana from Carter's truck and, when asked whether he had anything illegal in the truck, Carter pulled a firearm from between the driver's seat and center console.  The officer could therefore point to "specific and articulable facts" that justified the prolongation of the stop.  United States v. Pruitt, 174 F.3d 1215, 1219 (11th Cir. 1999) (quotation marks omitted).

To the extent Carter argues that the district court lacked jurisdiction over his criminal case because the traffic court dismissed the underlying traffic citation, that claim also does not have any arguable merit.  The state court dismissed Carter's traffic ticket without a hearing and without making any factual determinations or any findings about the constitutionality of the traffic stop.  The district court's determination that there was a valid basis for the traffic stop therefore did not conflict with any state court order.

We find no issues of arguable merit for our review.  We therefore **AFFIRM** Carter's conviction and **GRANT** counsel's motion to withdraw.

3