[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14288
Non-Argument Calendar
_____

D.C. Docket No. 3:92-cr-00137-TJC-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL HOLGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 23, 2021)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Paul Holgado appeals from the denial of a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  Holgado's appointed counsel has moved to withdraw from further representation of the appellant and filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), asserting that Holgado does not raise any meritorious issues in this appeal.  See id. at 744, 87 S. Ct. at 1400 (holding that when counsel determines that a criminal defendant's case is "wholly frivolous," counsel must "so advise the court and request permission to withdraw").  As required, Holgado's counsel's Anders brief sets out any irregularities or other potential errors in Holgado's trial process that might arguably be meritorious.  See United States v. Blackwell, 767 F.2d 1486, 1487–88 (11th Cir. 1985) (per curiam).

In 1992, Holgado pled guilty to one count of conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  The district court sentenced Holgado to 70 months' imprisonment and allowed him to self-surrender by January 6, 1993.  He did not self-surrender as directed.  Nearly 25 years later, in October 2017, Holgado was apprehended in Costa Rica and later extradited to the United States.  He has been in custody since.

On January 13, 2020, the United States Probation Office filed a memorandum, submitting that Holgado was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), Guideline § 1B1.10, and Amendment 782.  Under the

2

amendment, Holgado's guideline range dropped from 70 to 87 months' imprisonment to 60 to 71 months' imprisonment.  Citing the Probation Office memorandum, Holgado moved to request the district court exercise its discretion to reduce his sentence to 60 months' imprisonment—the low end of the amended guidelines range.

The district court declined to exercise its discretion.  Holgado appealed.

We have carefully reviewed Holgado's counsel's brief and the record. Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  We have independently determined there are no issues of arguable merit for our review.  Id.

Because there is no dispute Holgado was eligible for a reduction in his sentence, the only issue in this appeal is whether the district court abused its discretion when it declined to apply a sentence reduction.  United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009).  The district court's order recognized its authority to reduce Holgado's sentence.  It simply declined to do so, finding that Holgado's current 70-month sentence was still within the amended guideline range and that his absconding for such a long period of time weighed "heavily" against a reduction.  Accordingly, after considering the sentencing factors in 18 U.S.C. § 3553(a), Holgado's post-sentencing conduct, and Guidelines commentary, as it was required to do, the district court declined to exercise its discretion.  See id.

3

There is no issue of arguable merit that the district court erred by exercising such discretion.

Further, in addition to the issue raised by Holgado's counsel, independent review of the record reveals no irregularities in the district court's denial of Holgado's motion to reduce his sentence, or any other issues of arguable merit for this appeal.

We therefore **AFFIRM** the denial of Holgado's motion to reduce his sentence and **GRANT** counsel's motion to withdraw.