[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-11157

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CURTIS KENNEDY WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:15-cr-00028-AW-GRJ-1

_____

Before JORDAN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Curtis Williams appeals the 525-month sentence the district court imposed when it resentenced him on convictions for kidnapping in violation of 18 U.S.C. § 1201(a)(1) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant's attorney has filed a motion to withdraw from the case pursuant to *Anders v. California*, 386 U.S. 738 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct and that there are no arguable issues of merit. Accordingly, counsel's motion to withdraw pursuant to *Anders* is **GRANTED**, and Defendant's sentence is **AFFIRMED**. Defendant's motion to amend the appeal is **DENIED**.

## BACKGROUND

A jury convicted Defendant in 2017 of kidnapping in violation of 18 U.S.C. § 1201(a)(1), possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Based on the facts set out in the presentence report ("PSR"), the conviction stemmed from Defendant's kidnapping of his ex-girlfriend, with whom he shares a child, in October 2015. Specifically, On October 19, 2015, Defendant and his co-defendant Shakayla Taylor drove to a college campus in Gainesville, Florida, where the victim was attending class. After confronting and

arguing with the victim about a visitation issue concerning their child, Defendant forced her into the car he and Taylor had driven to Gainesville. Thereafter, Defendant repeatedly threatened the victim with a pistol while Taylor drove the car from Florida to Louisiana. At one point during the trip, Taylor stopped the car and Defendant took the victim into a wooded area and raped her at gunpoint. Another time, Defendant fired the pistol towards the victim, striking the back seat of the car.

After arriving in Louisiana, Defendant forced the victim into an apartment. Police officers began surveilling the apartment after tracking the victim's cell phone there. On the morning of October 20, 2015, officers arrested Defendant as he was leaving the apartment. The victim fled the apartment and ran toward the police while Defendant was being arrested, and she told the officers Taylor was still inside. The police entered the apartment and arrested Taylor. When officers searched the apartment they found a pistol, and when they searched the car used in the kidnapping they found a spent shell casing and a bullet hole in the back seat.

The PSR grouped Defendant's kidnapping and § 922(g) possession convictions together pursuant to USSG § 3D1.2(a) and assigned him a base offense level of 32 for those offenses. Six levels were added because Defendant raped the victim during the kidnapping, resulting in a total offense level of 38. After describing Defendant's extensive criminal history, which includes multiple convictions for domestic violence arising out of incidents during which Defendant choked, kicked, pushed to the ground, and pulled the

hair of his female victim(s), the PSR assigned him a criminal history category of IV.  Based on an offense level of 38 and a criminal history category of IV, the PSR calculated Defendant's guidelines range as 324 to 405 months for the grouped kidnapping and § 922(g) counts.  It noted that the minimum term on the § 924(c) count was ten years, to be served consecutively to the sentence imposed on the other counts.  Further, it advised the court that the maximum term on the kidnapping count was life.

Based on the recommendations set out in the PSR, the district court sentenced Defendant to 405 months on the kidnapping count and 120 months on the § 922(g) count, to run concurrently, plus 120 months on the § 924(c) count, to run consecutively, for a total sentence of 525 months.  Explaining the top of the guidelines sentence on the kidnapping and § 922(g) counts, the court emphasized Defendant's long history of egregious violence against women and the violent nature of his offense against the victim in this case, during which the victim was shoved into a car and taken on a "hellish" ride, repeatedly threatened with a gun, and raped in the woods, all while not knowing whether she would live or die and what would happen to her child, who had been left at daycare on the day of the kidnapping.  This Court affirmed Defendant's convictions and sentence on direct appeal.

Defendant subsequently filed a § 2255 motion, which he was allowed to amend after the Supreme Court issued its decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), to assert a claim that his § 924(c) conviction was invalid because kidnapping, the

purported predicate for the conviction, no longer qualified as a "crime of violence." The Government conceded in response to the amendment that kidnapping no longer qualified as a crime of violence per *Davis* and that Defendant's § 924(c) conviction was thus invalid. It acknowledged further that, because the § 924(c) conviction affected the overall term of Defendant's imprisonment, his judgment should be vacated, and he should be resentenced. The district court agreed, granted Defendant's § 2255 motion solely as to the § 924(c) conviction, and indicated that Defendant would be resentenced on the remaining two counts of his conviction.

An addendum to the PSR was prepared prior to Defendant's resentencing. The addendum again grouped Defendant's kidnapping and § 922(g) convictions and assigned him a base offense level of 32, plus 6 levels based on Defendant's rape of the victim. It then added 2 levels pursuant to USSG § 2A4.1(b)(3) because Defendant used a firearm during the offense, resulting in a total offense level of 40. As explained in the addendum, Defendant did not receive the 2-level enhancement in his initial PSR because his § 924(c) conviction accounted for that aspect of his offense, but the enhancement became applicable once the § 924(c) conviction was set aside. Based on a total offense level of 40 and a criminal history category of IV, the amended PSR calculated Defendant's guidelines range as 360 months to life. It noted that because the authorized maximum sentence as to Defendant's § 922(g) conviction was less than the applicable guidelines range, the guidelines term as to that conviction was the statutory maximum, 120 months, pursuant to USSG § 5G1.1(a).

Defendant objected to the amended PSR, arguing that both the 6 and the 2-level enhancements were unconstitutional. Specifically, Defendant argued that the enhancements could not be imposed on him unless the indictment charged him with rape and use of a firearm and the Government proved those acts to a jury beyond a reasonable doubt. Defendant noted that in his case, the court had applied the enhancements based on its own findings by a preponderance of the evidence at sentencing that Defendant had raped the victim and brandished as well as fired a pistol during the kidnapping.

The district court subsequently resentenced Defendant to 525 months on the kidnapping conviction and 120 months on the § 922(g) conviction, to run concurrently. The court stated at the sentencing hearing that Defendant's guidelines range had increased and was now 360 months to life because of the 2-level firearm-related enhancement. Explaining its choice of 525 months, the court emphasized the horrific facts of Defendant's crime, his extensive history of domestic violence, and the near total lack of remorse he expressed during the sentencing hearing.[1] Based on all these factors, the court concluded that anything less than 525 months would

---

[1] Defendant testified during his resentencing hearing that he never hurt the victim, he blamed the sequence of events that led to his conviction on police overreacting, and his testimony in general focused not on the harm he had inflicted during the kidnapping but on the hardships he was experiencing in prison.

be insufficient to satisfy the statutorily defined purposes of sentencing.

Defendant appealed his sentence.[2]  Shortly after the appeal was filed, Defendant filed a motion to discharge his attorney Gilbert Schaffnit, who represented Defendant below and who was appointed to represent him on appeal, and to proceed with the appeal *pro se*.  At Defendant's request, Schaffnit filed a motion to withdraw as counsel in the case.  After this Court denied both of those motions, Schaffnit filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), arguing that there is no meritorious issue for appeal.  Schaffnit served a copy of the *Anders* brief on Defendant.  Defendant did not respond, but he did file his own motion to amend the appeal to assert a claim that his resentencing required a new PSR rather than an addendum.

As discussed below, we agree that there is no non-frivolous ground upon which to appeal Defendant's sentence and we therefore grant counsel's *Anders* motion and affirm the sentence.  Further, we find there is no ground to support the argument

---

[2] While the appeal was pending, Defendant also filed a motion for compassionate release and multiple motions to dismiss his convictions for lack of jurisdiction, all of which were denied.  These motions are irrelevant to this appeal, and we do not address them further.  Defendant also filed a § 2255 petition challenging the second judgment against him, but the court held that petition was not properly before it given Defendant's pending direct appeal of his resentencing.

Defendant advances in his motion to amend the appeal. Accordingly, we deny that motion.

## DISCUSSION

In *Anders v. California*, the Supreme Court set out the procedure that must be followed when a criminal defense attorney seeks to withdraw from representing a client on appeal based on a determination that the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744. Pursuant to *Anders*, the attorney must file a motion to withdraw that is accompanied with a brief that "set[s] out *any* irregularities in the trial process or other potential error which, although in his judgment not a basis for appellate relief, might, in the judgment of his client or another counselor or the court, be arguably meritorious." *United States v. Blackwell*, 767 F.2d 1486, 1487–88 (11th Cir. 1985). The brief should isolate the pages of the record relevant to those arguably meritorious points and cite relevant legal authority. *See United States v. Edwards*, 822 F.2d 1012, 1013 (11th Cir. 1987). And more generally, it should reflect counsel's "conscientious examination" of the entire record. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (quotation marks omitted). This Court may grant counsel's motion if it independently determines, after review of counsel's brief and plenary review of the record, that the appeal is wholly frivolous. *Anders*, 386 U.S. at 744.

Counsel's *Anders* brief focuses on the 2-level enhancement applied to Defendant's total offense level at resentencing because of his use of a firearm during the kidnapping. The enhancement resulted in a recommended guidelines range of 360 months to life,

as opposed to the 324 to 405 months recommended in Defendant's initial PSR. As counsel points out, USSG § 2A4.1(b)(3) provides for a 2-level enhancement when a kidnapping is committed utilizing a firearm, as was the case in Defendant's offense here. Although the 2-level enhancement previously was subsumed into Defendant's § 924(c) conviction for using a firearm to commit a crime of violence, it was correctly applied to Defendant once that conviction was vacated. We note that the 6-level enhancement also was warranted based on evidence presented to the sentencing court that Defendant raped the victim during the kidnapping. *See* USSG § 2A4.1(b)(5). Adding the 2 and 6-level enhancements to the base offense level of 32 applicable to kidnapping pursuant to USSG § 2A4.1(a) yields a total offense level of 40, consistent with the calculation made in the amended PSR.

Contrary to Defendant's argument below, neither his use of a firearm nor his rape of the victim had to be charged in the indictment or proven to a jury beyond a reasonable doubt. Defendant has cited *United States v. Alleyne*, 570 U.S. 99 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in support of his argument. The Supreme Court reiterated in *Alleyne* and *Apprendi* that the elements of a crime must be submitted to the jury and found beyond a reasonable doubt. *See Alleyne*, 570 U.S. at 104 (noting that the Sixth Amendment "requires that each element of a crime be proved to the jury beyond a reasonable doubt"). In *Apprendi* the Court held that a fact that increases the statutory maximum punishment for a crime is an "element" of the offense that must be found by the jury. *Apprendi*, 530 U.S. at 490. And in *Alleyne*, the Court held that a fact

that increases the mandatory minimum punishment likewise constitutes an element of the offense that must be found by the jury. *See Alleyne*, 570 U.S. at 108. But *Alleyne* and *Apprendi* are not implicated here because the enhancements at issue did not increase Defendant's statutory maximum sentence or subject him to a mandatory minimum term of imprisonment for his offense. Accordingly, Defendant's use of a firearm and his rape of the victim are not elements of his kidnapping offense that must be submitted to the jury and proven beyond a reasonable doubt but rather sentencing factors that "can be proved to a judge at sentencing by a preponderance of the evidence." *United States v. O'Brien*, 560 U.S. 218, 224 (2010).

Counsel, in his *Anders* brief, also considers and rejects the potential argument that Defendant's resentencing was vindictive. We agree there is nothing in the record to suggest vindictiveness. Again, Defendant originally was sentenced to 405 months on the kidnapping and § 922(g) counts, which when added to his 120-month sentence as to the § 924(c) count resulted in a total sentence of 525 months. On resentencing, Defendant's § 924(c) count was vacated, but his kidnapping count was enhanced to account for the fact that it was accomplished by use of a firearm, which increased Defendant's guidelines range to 360 months to life. After considering the relevant § 3553(a) factors—with an emphasis on the violence of Defendant's offense, his history of egregious violence against women, and absolute his lack of remorse to the extent that he stated at sentencing that he did not believe he had harmed anyone during the kidnapping—the court concluded that any sentence

that was less than 525 months would not serve the statutory purposes of sentencing. Thus, it is clear from the record that Defendant's 525-month sentence was motivated by the court's application of § 3553(a) rather than vindictiveness. *See United States v. Fowler*, 749 F.3d 1010, 1023 (11th Cir. 2014) (noting that a more severe sentence on resentencing does not give rise to a presumption of vindictiveness if the reasons for the increase affirmatively appear in the resentencing record).

Finally, based on our independent review of the record, we conclude that Defendant's sentence is both procedurally and substantively sound. We will overturn a sentence on procedural grounds only if the district court commits a "significant procedural error, such as failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (quotation marks omitted). There is no viable argument that any such error occurred here. The amended PSR correctly calculated Defendant's guidelines range, and the record reflects that the district court carefully considered the relevant § 3553(a) factors, that it selected a sentence based on facts that were well supported by the evidence, and that it explained the sentence in detail at Defendant's sentencing. There is no procedural error that warrants disturbing the court's exercise of its discretion here.

The substantive reasonableness of a defendant's sentence is measured based on the "totality of the facts and circumstances" considering the § 3553(a) factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010). On substantive reasonableness review, this Court will vacate a sentence only if it is left with the "definite and firm conviction that the district court committed a clear error of judgment" in weighing those factors and applying them to the facts and circumstances of the case. *Id.* at 1190 (quotation marks omitted). Such an error may occur if the district court fails to consider relevant factors, gives significant weight to an improper or irrelevant factor, or weighs the factors unreasonably. *Id.* at 1189. However, this Court has emphasized that the "decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation marks and citation omitted).

Again, there is no basis upon which to overturn Defendant's sentence here. As an initial matter, we note that the sentence is within the advisory guidelines range. "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect [such] a sentence . . . to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quotation marks and citation omitted). This expectation of reasonableness is vindicated in the present case, as we find the district court's within-guidelines sentence here to be reasonable.

Furthermore, the record reflects that the district court conducted an individualized assessment of the facts at sentencing, balanced the competing considerations—specifically weighing the nature and circumstances of Defendant's offense, the need to impose respect for the law, and deterrence considerations, among other factors—and ultimately determined that a 525-month sentence was necessary and warranted by the specific facts of this case. We cannot say the court committed a clear error of judgment in its decision, or that the sentence is outside the range of reasonable sentences given the facts and circumstances of the case.

## CONCLUSION

For the foregoing reasons, counsel's *Anders* motion is **GRANTED** and Defendant's sentence is **AFFIRMED**. Defendant's motion to amend his appeal is **DENIED**.